IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAW OFFICES OF CHRISTY LEE, P.C., <br><br> Plaintiff, <br><br> v. <br><br> MEGHAN RAE, *et al.*, <br><br> Defendants. | Case No. 3:24-cv-00176-SLG |
| MEGHAN RAE, *et al.*, <br><br> Counterclaimants, <br><br> v. <br><br> CHRISTINA LEE, *et al.*, <br><br> Counterdefendants. | |

**ORDER ON MOTION TO DISQUALIFY, MOTION TO EXPEDITE, AND MOTION FOR HEARING**

This order addresses three of the motions now pending before the Court in this case. At Docket 150 is a Motion to Disqualify Christy Lee as Counsel filed by Defendants Meghan Rae and Manifest Legal, LLLC. At Docket 153 is Defendants' Motion for Expedited Consideration of Motion to Vacate and Reset Pretrial Deadlines and Motion to Disqualify Christy Lee as Counsel.

And at Docket 164, Counterdefendants Christina Lee and the Law Offices of Christy Lee, P.C. ("LOCL") filed a Motion for Hearing on the Motion to Disqualify

Counsel. No response was filed by Defendants. The Court denies this motion, exercising its discretion to determine that oral argument was not necessary for the determination of this issue.[1]

## BACKGROUND

The Court assumes the readers' familiarity with its prior decisions, as well as the factual and procedural background of this case. The background, as relevant to these motions, is as follows:

This case arises out of an employment dispute involving Meghan Rae, a former associate attorney at LOCL. In October 2023, Plaintiff LOCL filed a Complaint against Ms. Rae in the Superior Court for the State of Alaska, alleging conversion, trade secret misappropriation, unfair competition, and unjust enrichment.[2] Ms. Rae answered and filed counterclaims against LOCL and Ms. Lee on March 4, 2024.[3]

On May 28, 2024, Ms. Lee filed a Notice and Request for Service to Lead Counsel, notifying the Alaska Superior Court and Ms. Rae of her status as lead counsel and requesting that Ms. Rae direct all case correspondence to her.[4] In response, Ms. Rae filed a Motion to Prevent Contact by Counter Defendant

---

[1] *See* D. Alaska Civ. R. 7.1(f).

[2] Docket 7-1.

[3] Docket 1 at ¶ 5; *see also* Docket 7-20.

[4] Docket 7-42.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Disqualify, Motion to Expedite, and Motion for Hearing
Page 2 of 13
Case 3:24-cv-00176-SLG   Document 169   Filed 05/30/25   Page 2 of 13

Christina Lee in an effort to stop her alleged harassment.[5] After directing LOCL to "address why Christina Lee should not be disqualified from representing the Law Offices of Christy Lee, P.C. in this matter,"[6] the Alaska Superior Court issued an order on July 11, 2024, precluding Ms. Lee from "appear[ing] as an advocate for [LOCL] in any proceeding in which evidence is taken, including trial."[7] The state court reasoned that "Alaska Rule of Professional Conduct 3.7(a) prohibits an attorney from acting in a matter where the attorney is likely to be a necessary witness," and found that Ms. Lee's representation of LOCL "could give rise to the policy concerns underlying the rule—the incompatibility of the dual roles of advocate and witness in a fact-finding proceeding" because "it is clear that if this matter proceeds to another evidentiary hearing or trial, Lee will be a central figure in the litigation and called as a witness regarding contested issues."[8]

LOCL moved to amend its Complaint on June 19, 2024, adding Manifest Legal, LLLC as a Defendant.[9] LOCL's Amended Complaint alleges various causes of action against Defendants, including conversion, misappropriation of trade secrets, violations of the Alaska Unfair Trade Practices and Consumer Protection

---

[5] Docket 7-44.

[6] Docket 7-45.

[7] Docket 7-60 at 2.

[8] Docket 7-60 at 1-2.

[9] Docket 1 at ¶ 10; *see also* Docket 7-53. The Alaska Superior Court granted this motion on July 11, 2024. Docket 7-61.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Disqualify, Motion to Expedite, and Motion for Hearing
Page 3 of 13
Case 3:24-cv-00176-SLG   Document 169   Filed 05/30/25   Page 3 of 13

Act, unjust enrichment, intentional interference with a prospective civil action, interference with a prospective business relationship, and defamation.[10]

Defendants removed the case to this Court on August 9, 2024 based on diversity jurisdiction.[11] On November 6, 2024, Kimberlee A. Colbo entered her appearance as attorney of record on behalf of Counterdefendant Ms. Lee and Plaintiff/Counterdefendant LOCL.[12] On April 23, 2025, Ms. Lee entered her appearance as counsel on behalf of herself.[13] Thus, presently both Ms. Colbo and Ms. Lee are representing Ms. Lee; LOCL is represented only by Ms. Colbo.

On May 1, 2025, Defendants moved to disqualify Ms. Lee from representing herself "because she is a necessary and material witness whose conduct and credibility is central to this litigation. Alternatively, Defendants request an order that Ms. Lee may participate as counsel only in limited aspects of pretrial litigation and that she may not take oral depositions, participate in oral argument, or in any task where the trial jury would observe her acting as counsel."[14] Counterdefendants responded in opposition on May 14, 2025, pointing to Ms. Lee's right to represent herself pursuant to 28 U.S.C. § 1654, and asserting that the Alaska Superior Court order precluding Ms. Lee from appearing on behalf of

---

[10] Docket 1-1 at ¶¶ 46-87.

[11] Docket 1.

[12] Docket 42.

[13] Docket 146.

[14] Docket 150 at 2.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Disqualify, Motion to Expedite, and Motion for Hearing
Page 4 of 13
Case 3:24-cv-00176-SLG   Document 169   Filed 05/30/25   Page 4 of 13

LOCL at trial proceedings also recognized that Ms. Lee was authorized to represent herself.[15] Defendants replied on May 20, 2025.[16]

On May 2, 2025, Defendants filed a Motion for Expedited Consideration of Motion to Vacate and Reset Pretrial Deadlines[17] and Motion to Disqualify Christy Lee as Counsel.[18] In that motion, Defendants request a decision on the motion to disqualify by May 30, 2025 given the parties' intent to take depositions in June 2025.[19] Plaintiff LOCL responded in opposition on May 5, 2025, contending that Defendants are "manufacturing a false sense of urgency where none is required."[20] The Motion to Vacate and Reset Pretrial Deadlines was subsequently decided on May 9, 2025, with the Court vacating all pretrial deadlines.[21] A status conference to reschedule the pretrial deadlines is set for June 9, 2025.[22]

Following this Court's May 13, 2025 order granting in part and denying in part Counterdefendants' Motion to Dismiss Defendant's Second Amended Counterclaim, Defendants filed Manifest Legal's Amended Counterclaims and

---

[15] Docket 159 at 2, 4-5; *see* Docket 7-60 at 1.

[16] Docket 161.

[17] The Motion to Vacate and Reset Pretrial Deadlines was filed by Defendants on April 2, 2025. Docket 117.

[18] Docket 153.

[19] Docket 153 at 2-3.

[20] Docket 155 at 2.

[21] Docket 157.

[22] Docket 157 at 2.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Disqualify, Motion to Expedite, and Motion for Hearing
Page 5 of 13

Rae's Third Amended Counterclaims on May 27, 2025.[23] Defendants assert wrongful termination, breach of contract, breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, defamation, intentional interference with prospective economic advantage, intentional interference with contract, and unfair competition in violation of Alaska's Unfair Trade Practices Act; they assert these counterclaims against LOCL and include Ms. Lee as an individual Counterdefendant as to certain of the counterclaims.[24]

This Court has jurisdiction based on diversity of citizenship.[25]

## LEGAL STANDARDS

"The standards of the Alaska Rules of Professional Conduct apply to any attorney admitted to practice in this court."[26]  Pursuant to Alaska Rule of Professional Conduct 3.7, "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client."

28 U.S.C. § 1654 accords to litigants the right to counsel or to *pro se* representation. It provides, "[i]n all courts of the United States the parties may

---

[23] Docket 158; Docket 166.

[24] Docket 166 at ¶¶ 32-108.

[25] 28 U.S.C. § 1332.

[26] D. Alaska Local Civ. Rule 83.1(h).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Disqualify, Motion to Expedite, and Motion for Hearing
Page 6 of 13
Case 3:24-cv-00176-SLG    Document 169    Filed 05/30/25    Page 6 of 13

plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

"'The federal court . . . treats everything that occurred in the state court as if it had taken place in federal court.' Consequently, an order entered by a state court 'should be treated as though it had been validly rendered in the federal proceeding.'"[27]

## DISCUSSION

Defendants move to disqualify Christy Lee as counsel of record for Ms. Lee. In their motion, Defendants point to the July 11, 2024 Alaska Superior Court order in which that court "noted that the policy behind Alaska Rule of Professional Conduct 3.7 is 'that the roles of advocate and witness are fundamentally incompatible,'" and found that "[b]ecause Ms. Lee 'will be a central figure in the litigation and called as a witness regarding contested issues,' . . . Ms. Lee could not 'appear as an advocate for [LOCL] in any proceeding in which evidence is taken, including trial.'"[28] Defendants assert that Ms. Lee's "integral involvement with the facts at issue" renders her a "necessary witness" who is "prohibited from acting as trial counsel."[29] Defendants maintain that this prohibition should further extend to pretrial proceedings because "[w]hile Alaska Rule of Professional

---

[27] *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010) (alteration in original) (quoting *Butner v. Neustadter,* 324 F.2d 783, 785-86 (9th Cir. 1963)).

[28] Docket 150 at 2 n.1 (quoting Docket 7-60 at 1-2).

[29] Docket 150 at 3.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Disqualify, Motion to Expedite, and Motion for Hearing
Page 7 of 13
Case 3:24-cv-00176-SLG    Document 169    Filed 05/30/25    Page 7 of 13

Conduct 3.7 does not, on its face, prohibit an essential witness lawyer from being involved in pretrial proceedings, that involvement must be limited when there is obvious prejudice to the opposing party's rights in litigation."[30]

According to Defendants, if the Court were to allow Ms. Lee to represent herself in pretrial proceedings, "that representation must be carefully circumscribed to adhere to Alaska Rule of Professional Conduct 3.7."[31] In particular, Defendants maintain that Ms. Lee should not be permitted to take oral depositions because the recorded deposition testimony can be introduced at trial; participate in oral argument, which would "allow her to directly argue the veracity and weight of her own testimony, . . . blurring the line between witness and advocate"; or "participate in any task where the trial jury could observe her acting as counsel."[32] Defendants also cite to *Eufemio v. Kodiak Island Hospital*, in which the Alaska Supreme Court "upheld the disqualification of a physician-attorney who attempted to represent himself after initially appearing through counsel."[33]

In their opposition, Counterdefendants LOCL and Ms. Lee maintain that Ms. Lee cannot be disqualified as counsel for herself because 28 U.S.C. § 1654 grants Ms. Lee the right to represent herself.[34] Counterdefendants assert that

---

[30] Docket 150 at 3 (citing Alaska R. Pro. Conduct 3.7 cmt. 2).

[31] Docket 150 at 5.

[32] Docket 150 at 5.

[33] Docket 150 at 4 (citing 837 P.2d 95, 103 (Alaska 1992)).

[34] Docket 159 at 2.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Disqualify, Motion to Expedite, and Motion for Hearing
Page 8 of 13
Case 3:24-cv-00176-SLG   Document 169   Filed 05/30/25   Page 8 of 13

"Defendants' unorthodox request that Lee be precluded from fully participating in all aspects of the pretrial proceedings, including depositions, lacks any support in the law. The fact that Rae may find it emotionally distressing to be questioned by Lee is not a basis to disqualify her from representing herself."[35] Counterdefendants contend that Defendants' reliance on Alaska Rule of Professional Conduct 3.7 is misplaced because Ms. Lee is appearing solely on behalf of herself, rather than on behalf of LOCL.[36] They further assert that the Alaska Superior Court order precluding Ms. Lee from appearing on behalf of LOCL at trial proceedings also found that Ms. Lee was authorized to represent herself.[37] And Counterdefendants point to the holding in *Eufemio v. Kodiak Island Hospital* that a lawyer's law firm is not precluded from representing a lawyer litigant.[38]

In their reply, Defendants contend that "28 U.S.C. § 1654 addresses the right of a party to proceed *pro se*, that is, without the assistance of other counsel," and is therefore inapplicable given that Ms. Colbo is counsel of record for Ms. Lee.[39] In the event that Ms. Colbo withdraws from representing Ms. Lee and Ms. Lee elects to proceed *pro se*, Defendants maintain that, in that scenario, "Ms. Lee

---

[35] Docket 159 at 2-3. The Court notes that Counterdefendants misrepresent Defendants' argument here, which is that allowing Ms. Lee to take depositions "would confuse and mislead the jury about Ms. Lee's role in the case." *See* Docket 150 at 5.

[36] Docket 159 at 3.

[37] Docket 159 at 4-5.

[38] Docket 159 at 3-4 (citing 837 P.2d at 104).

[39] Docket 161 at 2 (first citing *Brasier v. Jeary*, 256 F.2d 474, 478 (8th Cir. 1958); and then citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Disqualify, Motion to Expedite, and Motion for Hearing
Page 9 of 13
Case 3:24-cv-00176-SLG   Document 169   Filed 05/30/25   Page 9 of 13

may only appear as counsel as to the counterclaims against her personally. . . . [F]or example, if Ms. Lee were permitted to participate as counsel in pretrial proceedings such as a deposition, she may only question witnesses as to the counterclaims against her personally, nothing more."[40] Defendants also maintain that Counterdefendants misrepresent the Alaska Superior Court's order, which they maintain "only addressed the issue of whether Ms. Lee was able to represent [LOCL], not the issue of whether Ms. Lee was able to represent herself."[41]

The Court grants Defendants' Motion to Disqualify as follows: Ms. Lee is not presently entitled to represent herself given her representation by counsel. 28 U.S.C. § 1654 provides a litigant with the right to counsel *or* to *pro se* representation.[42] A court has discretion to permit hybrid representation—in which a party represents herself and is also represented by counsel—but courts should do so only "sparingly."[43] The Court declines to permit such hybrid representation

---

[40] Docket 161 at 3.

[41] Docket 161 at 4.

[42] *See Samaan v. Sauer*, Case No. CIV S-07-0960 JAMGGH, 2008 WL 2489004, at *1-2 (E.D. Cal. June 17, 2008) ("In all courts of the United States the parties may plead and conduct their own cases personally *or* by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." (emphasis in original) (quoting 28 U.S.C. § 1654)).

[43] *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004) ("A party has a right to represent himself or to be represented by an attorney, but he cannot have it both ways. There is no right to hybrid representation in the federal courts. To be sure, hybrid representation occasionally may be permitted in the trial court's discretion. Such largesse is, however, to be dispensed sparingly." (citations omitted)); *Iannaccone,* 142 F.3d at 558 ("[A] party seeking to assert his statutory right to self-representation must clearly and unequivocally discharge any lawyer previously retained. A party does not have a right to self-representation and representation by counsel at the same time."); *Move Org. v. City of Philadelphia*, 89 F.R.D. 521, 523 n.1 (E.D. Pa. 1981) ("Because plaintiffs appear for themselves and are represented by counsel, they have 'hybrid' representation to which they are not entitled under 28 U.S.C. § 1654."); *Frank M. McDermott, Ltd. v. Moretz*, 898

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Disqualify, Motion to Expedite, and Motion for Hearing
Page 10 of 13

Case 3:24-cv-00176-SLG    Document 169    Filed 05/30/25    Page 10 of 13

here because of the additional confusion it would generate as to Ms. Lee's and Ms. Colbo's roles in this proceeding. Therefore, Ms. Lee must either withdraw her appearance for herself or proceed *pro se* with Ms. Colbo withdrawing as counsel for Ms. Lee.[44]

Should Ms. Lee elect to represent herself, that representation would be constrained by the Alaska Rules of Professional Conduct and by the Alaska Superior Court's July 2024 order. While Ms. Lee has not entered an appearance as counsel on behalf of LOCL in federal court, the overlap between the counterclaims brought against LOCL and Ms. Lee is such that Ms. Lee would need to proceed with caution to ensure that her self-representation did not result in the representation of LOCL. Per the July 11, 2024 Alaska Superior Court decision, which applies to these proceedings in this Court,[45] Ms. Lee is not permitted to appear as an advocate for LOCL in any proceeding in which evidence is taken, including trial.[46] The Court now clarifies that, if Ms. Lee were to enter an appearance on behalf of LOCL, this prohibition applies to depositions and to any

---

F.2d 418, 422 (4th Cir. 1990) ("In this case, because the defendant and his firm were represented by retained counsel, defendant Moretz had no right to proceed pro se."); *Samaan*, 2008 WL 2489004, at *1-2.

[44] The Court notes that in the case of Ms. Colbo's withdrawal from representing Ms. Lee, Ms. Colbo would remain counsel of record for LOCL.

[45] *See Carvalho*, 629 F.3d at 887 ("'The federal court . . . treats everything that occurred in the state court as if it had taken place in federal court.' Consequently, an order entered by a state court 'should be treated as though it had been validly rendered in the federal proceeding.'" (alteration in original) (quoting *Butner,* 324 F.2d at 785-86)).

[46] Docket 7-60 at 2.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Disqualify, Motion to Expedite, and Motion for Hearing
Page 11 of 13
Case 3:24-cv-00176-SLG   Document 169   Filed 05/30/25   Page 11 of 13

other setting in which the trial jury could observe or hear Ms. Lee acting as counsel for LOCL.[47] If Ms. Lee elects to represent herself and seeks to ask questions of a witness at a deposition, those questions must be restricted to questioning witnesses as to the counterclaims against her individually; Ms. Lee must not ask questions related to LOCL's claims or to the counterclaims against LOCL.

Turning to Defendants' Motion for Expedited Consideration of Motion to Vacate and Reset Pretrial Deadlines and Motion to Disqualify Christy Lee as Counsel, the motion is granted with respect to Defendants' Motion to Disqualify Christy Lee and denied as moot with respect to Defendants' Motion to Vacate and Reset Pretrial Deadlines.[48]

## CONCLUSION

Based on the foregoing, IT IS ORDERED:

1. Defendants' Motion to Disqualify Christy Lee as Counsel at Docket 150 is GRANTED as follows: within **seven days of the date of this order**, Ms. Lee is directed to either (1) withdraw her appearance for herself, or (2) proceed

---

[47] *See* Fed R. Civ. P. 32 (permitting the introduction of all or part of a deposition as evidence at trial in the same manner as if the witness were present and testifying before the court). This same prohibition does not apply to oral argument because that is not a setting in which the trial jury could observe Ms. Lee acting as counsel, although the Court notes that Ms. Lee has not entered an appearance as counsel for LOCL and thus is not entitled to argue on its behalf in any setting.

[48] The Court previously granted Defendants' Motion to Vacate and Reset Pretrial Deadlines. Docket 157.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Disqualify, Motion to Expedite, and Motion for Hearing
Page 12 of 13
Case 3:24-cv-00176-SLG   Document 169   Filed 05/30/25   Page 12 of 13

*pro se,* with Ms. Colbo withdrawing as counsel for Ms. Lee as an individual Counterdefendant.

2. Defendants' Motion for Expedited Consideration of Motion to Vacate and Reset Pretrial Deadlines and Motion to Disqualify Christy Lee as Counsel at Docket 153 is GRANTED with respect to Defendants' Motion to Disqualify Christy Lee and DENIED AS MOOT with respect to Defendants' Motion to Vacate and Reset Pretrial Deadlines.

3. Counterdefendants' Motion for Hearing on the Motion to Disqualify Counsel at Docket 164 is DENIED.

DATED this 30th day of May, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Disqualify, Motion to Expedite, and Motion for Hearing
Page 13 of 13
Case 3:24-cv-00176-SLG     Document 169     Filed 05/30/25     Page 13 of 13