# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

LAW OFFICES OF CHRISTY LEE, P.C.,

               Plaintiff,

    v.

MEGHAN RAE, *et al.*

               Defendants.

Case No. 3:24-cv-00176-SLG

MEGHAN RAE, *et al.*,

               Counterclaimants,

    v.

CHRISTINA LEE, *et al.*,

               Counterdefendants.

## ORDER ON MOTION TO COMPEL, MOTION FOR ESI ORDER, AND MOTION FOR PROTECTIVE ORDER

This order addresses the following three pending motions:

At Docket 87 is a Motion to Compel filed by Defendants Meghan Rae and Manifest Legal, LLLC. Counterdefendants Law Offices of Christy Lee, P.C. ("LOCL") and Christy Lee responded in opposition at Docket 96, to which Defendants replied at Docket 110. At Docket 88 is Defendants' Motion for ESI Order. Counterdefendants responded in opposition at Docket 104, to which Defendants replied at Docket 113. Also before the Court at Docket 103 is

Counterdefendants' Motion for Protective Order. Defendants responded in opposition at Docket 114, to which Counterdefendants replied at Docket 120. Oral argument was not requested and was not necessary to the Court's determinations.

For the reasons set forth below, Defendants' Motion to Compel is GRANTED IN PART and DENIED IN PART, Counterdefendants' Motion for Protective Order is DENIED AS MOOT, and Defendants' Motion for ESI Order is GRANTED.

## BACKGROUND

The Court assumes the readers' familiarity with its prior decisions, as well as the factual and procedural background they provide. The facts and procedural background, as directly relevant to this motion, are as follows:

This case arises out of an employment dispute involving Meghan Rae, a former associate attorney at LOCL. In its First Amended Complaint filed June 19, 2024, in the Superior Court for the State of Alaska, LOCL alleges various causes of action against Ms. Rae and her law firm, Manifest Legal, LLLC, including conversion, misappropriation of trade secrets, violations of the Alaska Unfair Trade Practices and Consumer Protection Act, unjust enrichment, intentional interference with a prospective civil action, interference with a prospective business relationship, and defamation.[1] Defendants removed the case to this Court on August 9, 2024 based on diversity jurisdiction.[2] On October 31, 2024,

---

[1] Docket 1-1 at ¶¶ 46-87.

[2] Docket 1.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 2 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 2 of 94

Defendants filed an Answer to Plaintiff's First Amended Complaint, Manifest Legal's Counterclaims and Rae's Second Amended Counterclaims.[3] Counterdefendants moved to dismiss these counterclaims on November 21, 2024.[4]

Prior to this, on July 16, 2024, Defendant Rae served her First Set of Discovery Requests on LOCL; the request included 10 interrogatories, 31 requests for production, and 10 requests for admission.[5]  LOCL responded to the First Set of Discovery Requests on October 17, 2024.[6]  According to Defendants, LOCL's "initial production consisted of . . . 217 pages of discovery . . . with no documents being produced under Rule 26" and many heavily redacted pages.[7]  LOCL also objected to many requests on the grounds of attorney-client privilege and/or attorney work product privilege.[8]

On October 2, 2024, counsel for the parties conferred by telephone to create a recommended discovery plan as required by Federal Rule of Civil Procedure 26(f), and to come to an agreement regarding a protective order for confidential

---

[3] Docket 41.

[4] Docket 45.

[5] Docket 89 at ¶ 3; Docket 89-1.

[6] Docket 89-3.

[7] Docket 87 at 3 (emphasis omitted); *see also* Docket 89-3.

[8] Docket 87 at 4; *see also* Docket 89-3.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 3 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 3 of 94

information.[9]  The parties subsequently filed a Stipulation and Protective Order for Confidential Information along with a Report of Rule 26(f) Planning Meeting with the Court.[10]   In their Rule 26(f) Report, the parties indicated that that they "will need to agree to search terms to be used to search and produce [electronically stored information] ESI, including from emails and text messages from a number of custodians" and that they would "attempt to reach an agreement as to a proposed order as to the production of ESI" but "[i]f the parties are unable to reach agreement, one or both parties may move for entry of their proposed order."[11]  On October 10, 2024, the Court entered a Protective Order for Confidential Information pursuant to the parties' stipulation as well as a Scheduling and Planning Order pursuant to the parties' Rule 26(f) Report.[12]

On November 27, 2024, Defendant Rae served upon LOCL a Second Set of Discovery Requests consisting of two additional interrogatories and four additional requests for production.[13]  On the same day, counsel for Defendants sent two letters to LOCL's counsel, one "address[ing] the significant deficiencies to [LOCL's] initial disclosures and responses to Defendant Rae's First Set of

_____

[9] Docket 89 at ¶ 4.

[10] Docket 25; Docket 26.

[11] Docket 26 at 4-5.

[12] Docket 30; Docket 31. Because of the ensuing discovery disputes, the Court vacated all pretrial deadlines on May 9, 2025, following Defendants' Motion to Vacate.  Docket 117; Docket 157.

[13] Docket 89-4.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 4 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 4 of 94

Discovery Requests," and the other regarding the entry of an ESI protocol, which included a draft Stipulation and Order Regarding Protocol for ESI.[14]

On December 24, 2024, counsel for LOCL responded to Defendants' counsel, contending, in relevant part, that:

> [W]hile there is a protective order in place, we do not believe that is sufficient to permit my client to produce the substantial attorney-client privileged information your client has requested. And, contrary to your contention, we do believe that the identities of LOCL's clients, many of whom have very complicated tax matters, are in fact privileged and cannot be disclosed without consent. . . . [And] simply because your client has made a number of spurious allegations that are wholly irrelevant to any claim she has actual standing to assert does not mean LOCL is required to disclose irrelevant or privileged information . . . . [I]t is our position that your client's discovery requests, most of which appear to be related to her counterclaims, is [sic] premature until the Court decides the pending motion to dismiss.[15]

In the same letter, LOCL's counsel indicated that LOCL did "not believe an ESI protocol is necessary with respect to this matter" because "Ms. Rae deleted any email communications involving her from her outlook before leaving employment, so there would be nothing to 'search'"; to the extent "such emails still existed, they would be protected from discovery by the attorney-client privilege"; and "it would be unduly burdensome to search through client files to try to locate any emails involving Ms. Rae that would have been retained."[16]

On December 31, 2024, LOCL served its responses to the Second Set of

---

[14] Docket 89-5 at 1; Docket 89-6.

[15] Docket 89-7 at 1-2.

[16] Docket 89-7 at 3.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 5 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 5 of 94

Discovery Requests, reiterating many of the same objections of privilege.[17]  On January 16, 2025, LOCL served Supplemental Responses to Rae's Discovery Requests as well as Plaintiff/Counter-Defendants' First Supplemental Disclosures, which included the Time Matters Audit Key and a redacted copy of the Time Matters Audit, as well as a privilege log.[18]

On January 24, 2025, counsel for Defendants sent a final letter to Counterdefendants' counsel, requesting confirmation that LOCL and Ms. Lee "d[id] not intend to further supplement with additional relevant discovery" and that Counterdefendants "maintain[ed their] refusal to discuss an ESI protocol" prior to Defendants seeking Court intervention.[19]  Counterdefendants' counsel responded by letter dated January 29, 2025, noting that she "d[id] not have time to provide a detailed response" but maintaining Counterdefendants' contention that Defendants were "not entitled to pursue discovery until the motion to dismiss is decided" as well as their assertions of attorney-client privilege.[20]

On February 21, 2025, Defendants filed two motions that the Court addresses in this order.[21]  The first is a Motion to Compel.[22]  In that motion,

---

[17] *See* Docket 89-8.

[18] Docket 89-9; Docket 89-10; *see also* Docket 91 [SEALED] (Time Matters Audit); Docket 92 [SEALED] (Time Matters Audit Key).

[19] Docket 89-13 at 1.

[20] Docket 89-14 at 1.

[21] Defendants filed a third motion on that day—Motion to Seal Exhibits—which was granted by this Court on February 25, 2025.  Docket 90; Docket 93.

[22] Docket 87.  Defendants also filed the Declaration of Jahna M. Lindemuth in support of this

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 6 of 94

Defendants first contend that Counterdefendants should be required to produce documents without awaiting resolution of the pending Motion to Dismiss; second, they assert that Counterdefendants cannot shield themselves from discovery by relying on attorney-client privilege; and third, they respond to specific objections to requests.[23] In their March 12, 2025 opposition, Counterdefendants first assert that the Motion to Compel exceeds applicable page limits;[24] second, they assert that discovery should be stayed until the Court decides the motion to dismiss Counterdefendants' counterclaims that was then pending; third, they maintain that the attorney-client privilege protects the information sought by Defendants; fourth, they respond to the specific objections raised by Defendants; and fifth, they contend that Defendants should be responsible for the fees incurred by Counterdefendants in opposing the motion.[25] Defendants replied on March 31, 2025.[26]

The second February 21, 2025 motion filed by Defendants is a Motion for ESI Order in which Defendants request that the Court enter the proposed ESI

---

motion and the Motion for ESI Order. Docket 89. Two corresponding exhibits were filed under seal at Dockets 91 and 92.

[23] Docket 87 at 7-29.

[24] The Court subsequently granted Defendants' Motion to Accept Overlength Briefing and accepted the Motion to Compel as filed. Docket 112; Docket 152.

[25] Docket 96 at 4-29. LOCL filed affidavits in support of their response at Docket 98 and 99, filed a sealed affidavit at Docket 101, and sealed exhibits at Docket 102.

[26] Docket 110.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 7 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 7 of 94

Order attached to their motion.[27] Counterdefendants responded in opposition on March 12, 2025, maintaining that an ESI protocol is overly burdensome and disproportionate to the needs of the case.[28] Defendants replied on March 31, 2025.[29]

On March 12, 2025, Counterdefendants filed a Motion for Entry of Protective Order to Stay Discovery, requesting a stay of discovery until the Court rules on Counterdefendants' Motion to Dismiss Defendants' Second Amended Counterclaim for Failure to State a Claim.[30] Defendants responded in opposition on March 31, taking issue with the "one-sided request for a discovery stay."[31] Counterdefendants replied on April 7, 2025.[32]

On May 13, 2025, the Court granted in part and denied in part Counterdefendants' Motion to Dismiss Defendants' Second Amended Counterclaim, giving Defendants leave to amend their dismissed counterclaims.[33] Defendants thereafter filed Manifest Legal's Amended Counterclaims and Rae's Third Amended Counterclaims on May 27, 2025, asserting wrongful termination,

---

[27] Docket 88; Docket 88-1.

[28] Docket 104.

[29] Docket 113.

[30] Docket 103.

[31] Docket 114 at 3.

[32] Docket 120.

[33] Docket 158 at 32.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 8 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 8 of 94

breach of contract, breach of the covenant of good faith and fair dealing, unpaid wages in violation of Alaska law, intentional infliction of emotional distress, defamation, intentional interference with prospective economic advantage, intentional interference with contract, and unfair competition in violation of Alaska's Unfair Trade Practices Act; they assert these counterclaims against LOCL and include Ms. Lee as an individual Counterdefendant on certain of the counterclaims.[34]    Counterdefendants filed their Answer to Manifest Legal's Amended Counterclaims and Rae's Third Amended Counterclaims on June 10, 2025.[35]

This Court has jurisdiction based on diversity of citizenship.[36]

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery, providing that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

---

[34] Docket 166 at ¶¶ 32-108.  The Court accepted Manifest Legal's Amended Counterclaims and Rae's Third Amended Counterclaims as timely filed on May 28, 2025.  Docket 167.

[35] Docket 179.

[36] 28 U.S.C. § 1332.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 9 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 9 of 94

In other words, information must be (1) relevant, (2) proportional, and (3) nonprivileged to be discoverable. "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'"[37] "District courts have broad discretion in determining relevancy for discovery purposes."[38] The proportionality requirement compels "lawyers [to] size and shape their discovery requests to the requisites of a case" and imposes "reasonable limits on discovery through increased reliance on the common-sense concept of proportionality."[39] The nonprivileged requirement protects attorney-client privileged information—or, "communications between attorneys and clients for the purpose of providing legal services" —from disclosure.[40] Alaska substantive law applies with respect to the attorney-client privilege given that the Court is sitting in diversity jurisdiction.[41] Federal Rule 26(b)(3) also protects

---

[37] *Pizzuto v. Tewalt*, 136 F.4th 855, 868 (9th Cir. 2025) (quoting *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005)). In *Pizzuto*, the Ninth Circuit acknowledged that "the phrase 'reasonably calculated to lead to discovery of admissible evidence' was removed from Rule 26(b)(1)" in 2015, but stated that "[a]lthough [it] quote[d] an opinion that references the prior iteration of the rule, the 2015 change does not affect [its] understanding of the relevance or proportionality of Plaintiff's requests." *Id.* at 868 n.6. The Circuit added that the 2015 changes are meant to ensure "that the parties and courts share the collective responsibility to consider the proportionality of all discovery." *Id.* (internal quotation marks omitted) (quoting *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021)).

[38] *Id.* (internal quotation marks omitted) (quoting *Surfvivor Media*, 406 F.3d at 635).

[39] *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016) (quoting Chief Justice John Roberts, 2015 Year-End Report on the Federal Judiciary (Dec. 31, 2015), *available at* http://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf).

[40] *Watkinson v. Dep't of Corr.*, 540 P.3d 254, 276 (Alaska 2023) (citing Alaska R. Evid. 503(b), (d)).

[41] *See* Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."); *Star Editorial, Inc. v. U.S. Dist. Ct. for Cent.*

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 10 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 10 of 94

documents prepared in anticipation of litigation or for trial as attorney work product.[42]

Additional rules provide specific mechanisms for discovery. Under Federal Rule 33, a party may serve interrogatories regarding any matter relevant under Federal Rule 26(b), and under Federal Rule 34, a party may serve requests for production asking for the production of documents and tangible things that are "in the responding party's possession, custody, or control."[43] Documents are "deemed to be within [a party's] 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand."[44]

If a responding party fails to answer an interrogatory or provide requested documents, the other party may move under Federal Rule 37 for an order compelling answers to interrogatories or the production of responsive

---

*Dist. of Cal.*, 7 F.3d 856, 859 (9th Cir. 1993).

[42] *See* Fed. R. Civ. P. 26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . . .").

The Court notes that unlike the attorney-client privilege, which is here governed by Alaska state law, the application of the work product doctrine is governed by federal law in diversity cases. *See Kandel v. Brother Int'l Corp.*, 683 F. Supp. 2d 1076, 1083 (C.D. Cal. 2010) (first citing *Frontier Refining, Inc. v. Gorman-Rupp, Inc.,* 136 F.3d 695, 702 n.10 (10th Cir.1998); and then citing *United Coal Cos. v. Powell Constr. Co.,* 839 F.2d 958, 966 (3d Cir. 1988)).

[43] Fed. R. Civ. P. 34(a)(1).

[44] *FDIC v. Halpern*, 271 F.R.D. 191, 193 (D. Nev. 2010) (emphasis omitted) (quoting 8B Wright, Miller & Marcus, *Federal Practice and Procedure* § 2177 (3d ed. 2010)).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 11 of 94

documents.[45] "The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted," and "must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments."[46] Federal Rule 26(b)(2)(B) governs ESI, and provides that a party objecting to the disclosure of ESI bears the burden of showing that it "is not reasonably accessible because of undue burden or cost."

If a motion to compel is granted, Federal Rule 37(a)(5)(A) states that "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, a court must not order payment if "the opposing party's nondisclosure, response, or objection was substantially justified" or if "other circumstances make an award of expenses unjust."[47] "If the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."[48]

---

[45] Fed. R. Civ. P. 37(a)(3)(B).

[46] *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

[47] Fed. R. Civ. P. 37(a)(5)(A).

[48] Fed. R. Civ. P. 37(a)(5)(C).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 12 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 12 of 94

## DISCUSSION

## I. Defendants' Motion to Compel is Granted in Part and Denied in Part.

Defendants put forth two main arguments in their Motion to Compel. First, Defendants take issue with Counterdefendants' blanket objections to discovery on the basis of attorney-client privilege.[49]  And second, Defendants respond to specific objections to discovery requests.[50]

### 1. Blanket Objection of Attorney-Client Privilege

Defendants assert that Counterdefendants' "blanket objection of privilege should be overruled."[51]  According to Defendants, Counterdefendants have "steadfastly held to a mistaken belief that they are not obligated to provide swaths of relevant discovery because the nature of their business is legal work."[52] Defendants assert that Counterdefendants' position that the identity of each LOCL client is privileged information is misinformed, particularly when Ms. Rae already knows the identity of certain clients and in fact worked on those clients' matters

---

[49] *See* Docket 87 at 8-12.

[50] *See* Docket 87 at 12-29.

The third main argument put forth in Defendants' Motion to Compel is that LOCL and Ms. Lee "should be required to produce documents without awaiting resolution of the pending motion to dismiss." Docket 87 at 7-8.  This argument is addressed below. *See* discussion *infra* Section II.

[51] Docket 87 at 12.

[52] Docket 87 at 8.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 13 of 94

while employed by LOCL.[53]  Defendants cite Ninth Circuit cases for the contention that blanket assertions of the privilege are "extremely disfavored," and that client identity, the fee arrangement and amount of the fee, case file name, and the general purpose of the work performed are not generally protected by the attorney-client privilege.[54]  Moreover, Defendants maintain that "[a]ny legitimate concerns that [Counterdefendants] may have about confidentiality of client information has been addressed by [LOCL] and Lee marking documents 'Confidential' under the Protective Order already entered in this case."[55]

Counterdefendants maintain that the attorney-client privilege protects the information sought by Defendants.  Counterdefendants cite to the "fundamental principle of the law that clients have the right to expect their communications with their retained counsel [to] be protected from unauthorized disclosure by their attorneys."[56]  Counterdefendants point to Ninth Circuit case law holding that attorney invoices are protected from discovery where disclosure of those invoices would "also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided."[57]  This is a "significant

---

[53] Docket 87 at 8.

[54] Docket 87 at 10-11 (first citing *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992); and then citing *United States v. Blackman*, 72 F.3d 1418, 1424 (9th Cir. 1995)).

[55] Docket 87 at 11 (citing Docket 31).

[56] Docket 96 at 6.

[57] Docket 96 at 6 (quoting *Clarke*, 974 F.2d at 129).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 14 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 14 of 94

concern" here, according to Counterdefendants, "for a practice that focuses on representing individuals with tax issues that may result in criminal prosecution."[58] Counterdefendants also note that "some LOCL clients are fearful of Rae" and do not want her to access their documents for fear of retaliation.[59] Counterdefendants take issue with Defendants' position "that because [Ms. Rae] was aware of privileged information while employed with LOCL, that somehow removes the requirement that LOCL assert, on behalf of its clients, their attorney-client privilege."[60] Moreover, Counterdefendants maintain that "[t]he fact that [Defendant Rae] has asserted legally baseless counterclaims for alleged constructive discharge does not mean she is entitled to far-reaching discovery regarding privileged and confidential communications between LOCL and its clients."[61]

The Court agrees with Defendants that, to the extent that Counterdefendants make blanket objections to discovery on the basis of attorney-client privilege, they are not entitled to do so. The Federal Rules of Civil Procedure limit discovery to nonprivileged information and a party therefore need not disclose "communications between attorneys and clients for the purpose of providing legal

---

[58] Docket 96 at 15.

[59] Docket 96 at 7.

[60] Docket 96 at 7.

[61] Docket 96 at 7.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 15 of 94

services."[62]  However, because the attorney-client privilege is "strictly construed,"[63] blanket assertions of privilege are disfavored.  Instead, a privilege log that identifies each withheld document and the basis for it being withheld is an appropriate method for protecting privileged material.[64]

Further, the Court does not agree with Counterdefendants that the identities of LOCL's clients or the nature of their fee arrangements are privileged, even if LOCL's practice "focuses on representing individuals with tax issues that may result in criminal prosecution."[65]  "[T]he attorney-client privilege generally does not protect the 'incidents of representation' such as 'the client's name, the amount and payment of a fee, and the fact of consultation.'"[66]  To overcome the general rule that client identity is not protected, Counterdefendants must make a "specific

---

[62] Fed. R. Civ. P.  26(b)(1); *Watkinson*, 540 P.3d at 276 (citing Alaska R. Evid. 503(b), (d)).

Despite both parties' reliance on federal law, Alaska substantive law applies with respect to the attorney-client privilege given that the Court is sitting in diversity jurisdiction.  *See supra* note 40.  Thus, neither party has supplied the Court with the applicable law with respect to the attorney-client privilege.

[63] *Langdon v. Champion*, 752 P.2d 999, 1004 (Alaska 1988) (quoting *United Servs. Auto. Ass'n v. Werley,* 526 P.2d 28, 31 (Alaska 1974)); *see also Mat-Su Valley Med. Ctr., LLC v. Bolinder*, 427 P.3d 754, 763 (Alaska 2018).

[64] *See* Fed R. Civ. P. 26(b)(5)(A) ("When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."); *In Re Grand Jury Subpoena*, 127 F.4th 139, 144 (9th Cir. 2025) ("A privilege log is generally an appropriate method for protecting privileged material.").

[65] *See* Docket 96 at 15; *see also* Docket 89-7 at 1.

[66] *Talivaa v. State*, Case No. A-12124, 2017 WL 3575194, at *2 (Alaska Ct. App. Aug. 16, 2017) (quoting *Moudy v. Superior Ct.*, 964 P.2d 469, 471 (Alaska Ct. App. 1998)).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 16 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 16 of 94

showing or argument regarding a specific client."[67] Here, Counterdefendants do not provide any evidence about the need to protect specific clients due to fear of criminal prosecution, nor do they provide evidence that any of LOCL's clients are currently the subject of an ongoing criminal investigation. Moreover, the Protective Order entered in this case would not make the identities of the clients available to the public.[68] Counterdefendants do not cite to any authority for their proposition that they are entitled to withhold discovery on the basis that clients are "fearful that Rae will retaliate,"[69] and the Court is not aware of authority for withholding on this basis.[70]

Moreover, Counterdefendants' assertion that Defendants' "legally baseless counterclaims . . . do[] not mean she is entitled to far-reaching discovery regarding privileged and confidential communications"[71] reflects a fundamental misunderstanding of the discovery rules. Counterdefendants appear to be asserting that Defendants must prove their counterclaims before being entitled to discovery. This is not so. They also appear to be attempting to impermissibly shift

---

[67] *See Falcon v. Alaska Pub. Offs. Comm'n*, 570 P.2d 469, 473 n.11 (Alaska 1977).

[68] *See* Docket 31.

[69] Docket 96 at 7.

[70] Further, with respect to any documents marked "Confidential" pursuant to the Protective Order, this designation prevents Defendant Rae from retaliating, given that those documents "can be used solely for this federal litigation matter." Docket 31 at 2.

[71] Docket 96 at 7.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 17 of 94

the burden onto Defendants, but the burden of establishing that the attorney-client privilege applies rests with the party asserting the privilege."[72]

With respect to any document withheld on the basis of privilege, Counterdefendants are directed to produce a privilege log that identifies each withheld document and the basis for it being withheld.[73] To the extent that a document contains some privileged information and some nonprivileged information, Counterdefendants must produce the documents but may redact the privileged information, and state the basis for each redaction in their privilege log.

### 2. Specific Requests

The Court next addresses each discovery request—Defendants' initial request, Counterdefendants' objection to the request, Defendants' assertions in its Motion to Compel and reply related to the request, and Counterdefendants' response—in turn.

### A. Interrogatories Nos. 9 and 10

Defendants contend that Counterdefendants "should be compelled to respond to Interrogatories Nos. 9 and 10."[74]

Interrogatory No. 9 asks Counterdefendants to:

Identify each client that Plaintiff claims Meghan Rae contacted "and falsely claimed that Christy Lee was planning to retire and did not

---

[72] *Luch v. State*, 413 P.3d 1224, 1238 (Alaska Ct. App. 2018).

[73] *See* Fed R. Civ. P. 26(b)(5)(A).

[74] Docket 87 at 13.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 18 of 94

have time to work on their cases, and misled clients into believing that previous invoices from Plaintiff were incorrect and that Plaintiff owed them money." For each such client include (a) their full name, a current address, email address, telephone number, and current employer, (b) the date the client contacted Plaintiff regarding the above, (c) who the client spoke with, and (d) the specific details of each conversation.[75]

In response to this discovery request, Counterdefendants state:

Objection. This interrogatory seeks information that is protected from discovery by the attorney-client privilege (i.e. the identities of clients, contact information, current employers etc.). Once an appropriate agreement is reached that will absolutely protect the identities of Lee's clients, the answer to this interrogatory will be supplemented.[76]

Interrogatory No. 10 asks Counterdefendants to:

Identify each client Plaintiff was referring to in the follow quote: "the Firm's clients have been reassured by the fact that not only is the Firm fighting Lawyer Rae for her theft of their personal data, but that Ms. Lee herself is leading the fight." For each such client include (a) their full name, current address, email address, telephone number, and current employer.[77]

In response to this discovery request, Counterdefendants state:

Objection. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. It seeks information that is protected from discovery by the attorney-client privilege (i.e. the identities of clients, contact information, current employers etc.). Once an appropriate agreement is reached that will absolutely protect the

---

[75] Docket 89-3 at 8-9. The Court notes that Defendants appear to be quoting a statement made by Counterdefendants here, but they do not provide a citation.

[76] Docket 89-3 at 9.

[77] Docket 89-3 at 9 (quoting Docket 7-50 at 38).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 19 of 94

identities of Lee's clients, the answer to this interrogatory will be supplemented.[78]

In their Motion to Compel, Defendants maintain that "the identity of these clients is not privileged information and is discovery that is relevant to Plaintiff's claims and Defendants' defenses and counterclaims."[79]

In their opposition to the motion to compel, Counterdefendants maintain that the information sought will not lead to the discovery of any admissible evidence.[80] They also contend that clients "have expressed fear that Rae may undertake some type of retaliatory action that could prejudice them in pending matters."[81] Nevertheless, Counterdefendants agree to supplement their response to Interrogatory No. 10, identifying the client using the pseudonym assigned to that client in the Time Matters Audit.[82]

Defendants reply that "LOCL originally indicated it would provide that information once a protective order was in place," but the supplement to Interrogatory No. 10 never occurred.[83]

The Court directs Counterdefendants to respond to Interrogatories Nos. 9

---

[78] Docket 89-3 at 9.

[79] Docket 87 at 13.

[80] Docket 96 at 11.

[81] Docket 96 at 11.

[82] Docket 96 at 11-12.

[83] Docket 110 at 5-6.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 20 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 20 of 94

and 10. The Court exercises its "broad discretion"[84] to determine that the information sought in Interrogatories Nos. 9 and 10 is relevant for purposes of discovery; it is "reasonably calculated to lead to"[85] information relevant to, for example, Defendants' defenses to Plaintiff's claims of interference with a prospective business relationship and defamation and to Defendants' counterclaims of defamation, intentional interference with prospective economic advantage, intentional interference with contract, and unfair competition.[86] The information sought is proportional to the needs of this case because the burden of producing it does not outweigh its likely benefit; this discovery is necessary to resolve an important issue in the litigation, and identifying these clients is unlikely to pose an undue burden on Counterdefendants.[87]

The Court does not agree that the information sought is protected by the attorney-client privilege because alleged communications between Ms. Rae and clients about how Ms. Lee "was planning to retire and did not have time to work on their cases" and alleged communications between Ms. Lee and LOCL's clients about how Ms. Lee is "fighting Lawyer Rae for her theft of their personal data"[88] are not "communications between attorneys and clients for the purpose of

---

[84] *Pizzuto*, 136 F.4th at 868.

[85] *Id.*

[86] *See* Docket 1-1 at ¶¶ 77-84; Docket 166 at ¶¶ 75-108.

[87] *See* Fed. R. Civ. P. 26(b)(1).

[88] *See* Docket 89-3 at 8-9.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 21 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 21 of 94

providing legal services."[89]  Similarly, alleged communications between Ms. Rae and clients about how "previous invoices from [LOCL] were incorrect and that [LOCL] owed them money"[90] are not protected because the attorney-client privilege generally does not protect the amount and payment of a fee.[91]  Moreover, any confidential information will be protected by the Protective Order entered in this case.[92]  Counterdefendants do not cite anything for their proposition that they are entitled to withhold discovery on the basis that clients "have expressed fear that Rae may undertake some type of retaliatory action that could prejudice them in pending matters,"[93] and the Court is not aware of authority for withholding on this basis.  Further, the Protective Order prevents Defendant Rae from doing so, given that "[d]ocuments designated Confidential can be used solely for this federal litigation matter."[94]

## B. Request for Production No. 30

Defendants contend that Counterdefendants "should be compelled to provide responsive documents to Request for Production No. 30."[95]

---

[89] *Watkinson*, 540 P.3d at 276 (citing Alaska R. Evid. 503(b), (d)).

[90] *See* Docket 89-3 at 8.

[91] *Moudy*, 964 P.2d at 471.

[92] *See* Docket 31.

[93] Docket 96 at 11.

[94] Docket 31 at 2.

[95] Docket 87 at 14.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 22 of 94

Request for Production No. 30 asks Counterdefendants to "[p]roduce in its native format (pdf, word, excel), with all of its original metadata, any written communication or notes of communication with clients Identified in Interrogatory No's 9 and 10 regarding the subject matter outlined in Interrogatory No's 9 and 10."[96]

In their response to this discovery request, Counterdefendants state:

Objection. This request seeks information that is protected from discovery by the attorney-client privilege. Further, the request for documents in their "native format" "with all of its original metadata" is unduly burdensome. Notwithstanding these objections and without waiving them, Lee responds by stating none exist to the best of her knowledge.[97]

In their Motion to Compel, Defendants assert that the information is not privileged because it "does not request communication that was 'made for the purpose of giving legal advice.'"[98] Counterdefendants respond that "LOCL cannot produce what does not exist."[99]

The Court finds that Counterdefendants' response to Request for Production No. 30 was sufficient. Under Rule 34, a party may serve requests for production asking for the production of documents that are "in the responding party's

---

[96] Docket 89-3 at 24.

[97] Docket 89-3 at 24.

[98] Docket 87 at 13 (quoting *Sanmina Corp.*, 968 F.3d at 1116).

[99] Docket 96 at 12.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 23 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 23 of 94

possession, custody, or control."[100] "A document that does not exist is obviously not within the possession, custody, or control of a party."[101] When it appears that a document may exist—such as when records are normally kept in the course of business—the "party may be required to do more than simply assert the contrary."[102] Here, there is no evidence that the requested documents exist, and thus the Court takes Ms. Lee's response that no responsive documents exist "to the best of her knowledge" along with her counsel's signature to mean that a reasonable inquiry was conducted as to the existence of the documents.[103] And obviously, Counterdefendants' assertion that no such documents exist is binding on them and would preclude any such evidence being introduced at trial by Counterdefendants.

To the extent that responsive documents are located, the Court notes that the documents are relevant, proportional, and privileged.[104] Moreover, Counterdefendants' bare contention that "the request for documents in their 'native

---

[100] Fed. R. Civ. P. 34(a)(1).

[101] 7 Moore's Federal Practice § 34.14 (3d ed. 2025); *see also Dunn v. Trans World Airlines, Inc.*, 589 F.2d 408, 415 (9th Cir. 1978) (upholding district court's decision not to impose sanctions for failure to produce medical records that were no longer in existence).

[102] 7 Moore's Federal Practice § 34.14 (3d ed. 2025); *Norman v. Young*, 422 F.2d 470, 473 (10th Cir. 1970).

[103] *See* Fed. R. Civ. P. 26(g)(1) ("[E]very discovery request, response, or objection must be signed by at least one attorney of record . . . . By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry [that the response is] "consistent with these rules and . . . not interposed for any improper purpose . . . .").

[104] *See* discussion *supra* Section I.2.A.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 24 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 24 of 94

format' 'with all of its original metadata' is unduly burdensome"[105] without more does not overcome Federal Rule 34(b)(1)(C)'s provision that the requesting party may "specify the form or forms in which electronically stored information is to be produced."

## C. Requests for Production No. 19 and 20

Defendants contend that Counterdefendants "should be compelled to produce complete, unredacted phone bills responsive to Requests for Production No[s]. 19 and 20."[106]

Request for Production No. 19 asks Counterdefendants to:

Produce in their native format, all of Plaintiff's cellphone billing statements related to phone number 907-773-2478 from January 1, 2022 to September 31, 2023. Including, but not limited to, the cellphone billing statements that "showed that on September 1, 2023, [Schack] Law Group called Plaintiff's cellphone that Plaintiff gave Defendant Rae."[107]

In their response to this discovery request, Counterdefendants state:

Objection. This request seeks production of information potentially protected from discovery by the attorney-client privilege. This request is overly broad to the extent that it is not limited in scope or time to the issues involving the claims against Rae. Furthermore, the request for documents in their "native format" is unduly burdensome. Notwithstanding these objections, and without waiving them, Lee will produce the portion of the cellphone invoice documenting the call on

---

[105] Docket 89-3 at 24.

[106] Docket 87 at 14.

[107] Docket 89-3 at 18 (alteration in original).  The Court notes that Defendants do not provide a citation for their quoted language, which is found in Plaintiff's First Amended Complaint. *See* Docket 89-3 at 18; Docket 1-1 at ¶ 38.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 25 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 25 of 94

September 1, 2023 to the cellphone Rae was provided to use in connection with her employment by Lee. The phone number in this production request is unknown to Plaintiff.[108]

Request for Production No. 20 asks Counterdefendants to:

If not produced in response to the above, produce in their native format, all of Plaintiff's cellphone billing statements that showed that Meghan Rae "continued to talk and text extensively with Plaintiff's former client, [R.C.], following the completion of Plaintiff's legal services in 2022."[109]

In their response to this discovery request, Counterdefendants state:

Objection. This request seeks production of information protected from discovery by the attorney-client privilege. This request is overly broad to the extent that it is not limited in scope or time to the issues involving the claims against Rae in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Nor is it proportional to the needs of the case. Furthermore, the request for documents in their "native format" is unduly burdensome. Based on the stated objections, Lee is withholding responsive documents. Finally, R.C. is now Rae's client, so she can obtain records directly from R.C. if R.C. is willing to waive her attorney-client privilege and provide them to Rae.[110]

In response to these Requests for Production, Counterdefendants produced

certain phone bills for Ms. Rae's cell phone with seemingly all phone numbers

redacted.[111]  Defendants maintain that "[i]t is unclear how the phone number on a

---

[108] Docket 89-3 at 18-19.

[109] Docket 89-3 at 19 (alteration in original).  The Court notes that Defendants do not provide a citation for their quoted language, which is found in Plaintiff's First Amended Complaint. *See* Docket 89-3 at 19; Docket 1-1 at ¶ 39.

[110] Docket 89-3 at 19.

[111] Docket 87 at 14; Docket 96 at 12-13; *see* Docket 96-3 (one example of a produced phone bill).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 26 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 26 of 94

phone bill, without a name or other identifying characteristic of a client, could ever be construed as protected attorney-client communication pertaining to legal advice," and that the redactions render the records "useless."[112] According to Defendants, the requested information is relevant to Plaintiff's assertions that Ms. Rae "usurped a business opportunity from Schack Law Group, that Rae continued to talk 'extensively' with client R.C. after legal services concluded, and that Rae 'texted with multiple other clients contrary to Plaintiff's policies and procedures.'"[113]

Counterdefendants respond that "while phone numbers on their own may not be attorney-client privileged, they are confidential and private information."[114] With respect to Request for Production No. 19, Counterdefendants maintain that the redacted phone bill produced is sufficient, and that "[t]he other numbers for calls on other dates are not relevant or responsive to Request for Production No. 19 and include private and confidential information of LOCL's clients."[115] With respect to Request for Production No. 20, Counterdefendants contend that Defendants "seek irrelevant information given that Rae lacks standing to assert any claim against LOCL or Lee arising out of her communications with R.C."[116] Counterdefendants maintain that because Ms. Rae "wiped her LOCL cellphone

---

[112] Docket 87 at 14; Docket 110 at 6.

[113] Docket 87 at 14 (quoting Docket 1-1 at ¶¶ 38-40).

[114] Docket 96 at 12.

[115] Docket 96 at 13.

[116] Docket 96 at 13.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 27 of 94

clean and reset it to its original factory settings before returning it, . . . producing 'all of Plaintiff's cellphone billing statements' in their 'native format' (whatever that means) would be unduly burdensome. In essence, Rae is seeking to force LOCL to review and redact potentially hundreds of pages of cellphone billing records."[117]

The Court directs LOCL to produce its complete, unredacted phone bills responsive to Requests for Production Nos. 19 and 20. The Court exercises its "broad discretion"[118] to determine that the information sought in Requests for Production Nos. 19 and 20 is relevant for purposes of discovery; it is "reasonably calculated to lead to"[119] information relevant to Defendants' defenses to Plaintiff's assertions that, for example, "Plaintiff's cellphone billing statements showed that on September 1, 2023, Schlack [sic] Law Group called Plaintiff's cellphone that Plaintiff gave Defendant Rae. . . . Defendant Rae accepted the call and apparently talked at length about the Maui fire victims"; "Plaintiffs cellphone billing statements further showed that Defendant Rae continued to talk and text extensively with Plaintiffs former client, R.C., following the completion of Plaintiff's legal services in 2022"; and "Plaintiff's cellphone billing statements also showed that Defendant Rae texted with multiple other clients contrary to Plaintiffs policies and

---

[117] Docket 96 at 13.

[118] *Pizzuto*, 136 F.4th at 868.

[119] *Id.*

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 28 of 94

procedures."[120]   The Court does not see the relevance or import of Counterdefendants' contention that Ms. Rae "lacks standing" to assert a counterclaim related to her communications with R.C.;[121] rather, the information sought is directly relevant to Plaintiffs' claims against Defendants and Defendants' defenses against the same.

The information sought by Requests for Production Nos. 19 and 20 is not protected by the attorney-client privilege because phone numbers alone are not privileged,[122] nor do cellphone billing statements provide any information about "communications between attorneys and clients for the purpose of providing legal services."[123]  Counterdefendants do not cite anything for their proposition that they are entitled to withhold discovery on the basis that a phone number constitutes "confidential and private information,"[124] and the Court is not aware of authority for withholding on that basis.

The information sought is proportional to the needs of this case because the burden to produce the billing statements does not outweigh their likely benefit in

---

[120] *See* Docket 1-1 at ¶¶ 38-40.

[121] *See* Docket 96 at 13.

[122] *See Talivaa*, 2017 WL 3575194, at *2 ("[T]he attorney-client privilege generally does not protect the 'incidents of representation' such as 'the client's name, the amount and payment of a fee, and the fact of consultation.'" (quoting *Moudy*, 964 P.2d at 471)).

[123] *See Watkinson*, 540 P.3d at 276 (citing Alaska R. Evid. 503(b), (d)).

[124] *See* Docket 96 at 12.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 29 of 94

this litigation.[125]  The Court does not agree that Ms. Rae "is seeking to force LOCL to review and redact potentially hundreds of pages of cellphone billing records"[126] because the phone numbers standing alone are not privileged and therefore need not and must not be redacted.  It is otherwise a relatively straightforward task to produce 21 months of phone records.  The Court moreover agrees with Defendants that producing phone records with the phone numbers redacted renders those records indecipherable.[127]

The fact that Ms. Rae might be able to "obtain records directly from R.C."[128] does not change Counterdefendants' obligation to produce the requested records; "[a] party responding to discovery generally may not object on the ground that the party seeking discovery may already have knowledge of the matters inquired into, and this principle applies to the production of documents and things under Rule 34."[129]  And clearly R.C. would not have all of LOCL's phone records.  In response to Counterdefendants' confusion as to the meaning of Defendants'

---

[125] *See* Fed. R. Civ. P. 26(b)(1).

[126] *See* Docket 96 at 13.

[127] *See* Docket 110 at 6; *see also* Docket 96-3 (produced phone bill).

[128] Docket 89-3 at 19.

[129] 7 Moore's Federal Practice § 34.12 (3d ed. 2025); *see also Mirlis v. Greer*, 80 F.4th 377, 382 (2d Cir. 2023) ("[The defendant] offers no support for her suggestion that, merely because she thought [the plaintiff] already had some of the requested financial documents, she could ignore the discovery requests . . . . And we have found none."); *In re Allergan, Inc.*, Case No. 14-cv-02004-DOC (KES), 2016 WL 5922717, at *9 (C.D. Cal. Sept. 23, 2016) ("[G]enerally, a party may not object to discovery on the basis that the requesting party already possesses the documents or information sought.").

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 30 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 30 of 94

request to produce the phone records in their native format,[130] the Court understands this request to mean the form in which the phone records are "ordinarily maintained" or the "associated file structure defined by the original creating application,"[131] i.e., paper copies of the phone records.

### D. Requests for Production Nos. 3, 4, 5, and 33

Defendants contend that Counterdefendants should be "compelled to produce the invoices in response to Requests for Production Nos. 3, 4, and 33 and all versions of the 'Tiered Client List' in response to Request for Production No. 5."[132]

Request for Production No. 3 asks Counterdefendants to "[p]roduce in its native format (pdf file), with all of its original metadata, the most recent six invoices prior to September 15, 2023 and all the invoices since September 15, 2023 for the following . . . clients: [list of clients]."[133] Request for Production No. 4 asks Counterdefendants to: "[p]roduce in its native format (pdf file), with all of its original metadata, all invoices between September 10, 2018 and September 15, 2023 for the following clients: R.C., S.T., J.P.F., and T.L."[134]

---

[130] *See* Docket 96 at 13.

[131] *See* Fed. R. Civ. P. 34(b)(2)(E); The Sedona Conference, *The Sedona Conference Glossary: E-Discovery & Digital Information Management (Fourth Edition) A Project of the Sedona Conference Working Group on Electronic Document Retention & Production (Wg1)*, 15 Sedona Conf. J. 305, 341 (2014).

[132] Docket 87 at 16-17.

[133] Docket 89-3 at 11.

[134] Docket 89-3 at 11.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 31 of 94

In response to both requests, Counterdefendants state:

Objection. This request seeks information that is protected from discovery by the attorney-client privilege and the attorney work product doctrine. Moreover, it is overly broad and unduly burdensome in terms of requesting "original metadata." The request is not reasonably calculated to lead to the discovery of evidence specific to the issues in dispute in this lawsuit nor is it proportional to the needs of the lawsuit. Based on the stated objections, Lee is withholding responsive documents.[135]

Request for Production No. 33 asks Counterdefendants to "[p]rovide all invoices between January 1, 2021, and October 31, 2023 for any client for whom Ms. Rae worked at least ten (10) hours or more over the course of her employment."[136]

In response to this discovery request, Counterdefendants state:

Objection. This request seeks information that is protected from discovery by the attorney-client privilege. It also is not reasonably calculated to lead to the discovery of admissible evidence nor is it proportional to the needs of the case. Notwithstanding these objections, and without waiving them, LOCL is preparing a redacted copy of the Time Matters Audit she had prepared following Ms. Rae's departure from employment and will produce that once it is completed.[137]

---

[135] Docket 89-3 at 11. In response to Request for Production No. 4, Counterdefendants add that Ms. "Rae has already admitted that she stole all of J.P.F's file, including his invoices, so she already has improperly obtained that information. R.C. is allegedly her client and Rae can obtain the requested information from R.C. if she is willing to disclose it." Docket 89-3 at 11-12.

[136] Docket 89-4 at 5.

[137] Docket 89-8 at 4.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 32 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 32 of 94

Request for Production No. 5 asks Counterdefendants to "[p]roduce in its native format (excel file), with all of its original metadata, Plaintiff's Tiered Client List from September 2018 to present."[138]

In response to this discovery request, Counterdefendants state:

Objection. This request seeks information that is protected from discovery by the attorney-client privilege and the attorney work product doctrine. Moreover, it is overly broad and unduly burdensome in terms of requesting "original metadata" and it seeks confidential and proprietary business information. The request is not reasonably calculated to lead to the discovery of evidence specific to the issues in dispute in this lawsuit nor is it proportional to the needs of the lawsuit. Based on the stated objections, Lee is withholding responsive documents.[139]

In their Motion to Compel, Defendants assert that the documents sought in Requests for Production Nos. 3, 4, 33 and 5 are relevant "to show the work Rae actually performed for which [LOCL] clients, in what duration, and on which dates, as well as who was the 'principal' attorney in the matters. They are also relevant to show which clients should have been advised of their right to choose whether to stay with [LOCL], leave with Rae, or choose other counsel upon Rae's departure."[140] Defendants cite a Ninth Circuit case for the proposition that "'a simple invoice requesting payment for unspecified services rendered reveals

---

[138] Docket 89-3 at 12.

[139] Docket 89-3 at 12.

[140] Docket 87 at 15.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 33 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 33 of 94

nothing more than the amount of the fee and would not normally be privileged."[141] Therefore, "[w]hile the description of precisely what work was done for the client may rightfully be considered privileged and redacted, the name of the client, the name of the employees who worked on the matter, and the amount of time that employee spent working on the matter on a particular day do not constitute anything close to a protected attorney-client communication," and "Plaintiff should be required to create a privilege log identifying the precise portions of the documents that contain privileged communication and the basis for that privilege so that the justification can be reviewed, and then produce the remainder of the document."[142]

On March 10, 2025, in response to Requests for Production Nos. 3, 4, and 33, LOCL produced Ms. Rae's timesheets from April 3, 2023, to September 15, 2023, with the client names replaced with pseudonyms.[143] Counterdefendants maintain that this "provide[s] detailed information . . . regarding what work [Ms. Rae] did in the months leading up to her termination for which clients in a less intrusive way than producing actual invoices that would require substantially more time to redact."[144] According to Counterdefendants, "[f]inding those invoices would

---

[141] Docket 87 at 16 (internal quotation marks omitted) (quoting *In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982)).

[142] Docket 87 at 16.

[143] Docket 110 at 6; Docket 96 at 14; *see* Docket 102-2 [SEALED] (timesheets).

[144] Docket 96 at 14.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 34 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 34 of 94

. . . take, at a minimum, hundreds of hours and likely around a thousand, for many reasons but most importantly, LOCL recently was forced to migrate to a new practice management system."[145]  And Counterdefendants take issue with "Rae's blanket assertion that the attorney-client privilege does not apply" because "the Ninth Circuit has recognized that information in invoices can be privileged if it discloses the motivation of the clients in seeking representation or legal strategy" which "is a significant concern for a practice that focuses on representing individuals with tax issues that may result in criminal prosecution."[146]

In their reply, Defendants maintain that the produced timesheets "are not responsive to Defendants' requests" because the "requested invoices are necessary not only to show the work Ms. Rae did for LOCL clients, but also to review her work in comparison to any other LOCL employees' contributions to the same matter to assess who acted as 'principal' attorney."[147]  Moreover, "[i]t is also necessary for LOCL to [produce] invoices for all clients for whom Ms. Rae worked for the entire duration of her employment with LOCL to assess LOCL's claims that Ms. Rae was viewing invoices for clients for whom she never worked."[148]

The Court directs Counterdefendants to produce the invoices responsive to

---

[145] Docket 96 at 14.

[146] Docket 96 at 15.

[147] Docket 110 at 6-7.

[148] Docket 110 at 7.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 35 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 35 of 94

Requests for Production Nos. 3, 4, and 33. The Court exercises its "broad discretion"[149] to determine that the information sought in Requests for Production Nos. 3, 4, and 33 is relevant for purposes of discovery; it is "reasonably calculated to lead to"[150] information relevant to Defendants' defenses to Plaintiff's claims that, for example, Defendant was only the principal in two Alaska cases and that she "reviewed over fifteen invoices from clients with whom she had no affiliation."[151]

The discovery sought is proportional because the burden of production does not outweigh its likely benefit to the issues in this case, particularly given the limited time frame for which the production is sought.[152] The Court is skeptical of Counterdefendants' estimate that the search may take "hundreds of hours and likely around a thousand" because "LOCL recently was forced to migrate to a new practice management system."[153] Regardless, as LOCL is a small law firm and the requests are limited to those cases Ms. Rae worked on, the asserted burden does not preclude LOCL from needing to provide these documents, given the nature of Plaintiff's allegations against Defendants.[154]

---

[149] *Pizzuto*, 136 F.4th at 868.

[150] *Id.*

[151] Docket 1-1 at ¶ 15 n.1, ¶ 43.

[152] *See* Fed. R. Civ. P. 26(b)(1).

[153] Docket 96 at 14.

[154] *See United States v. ACB Sales & Serv., Inc.*, 95 F.R.D. 316, 318 (D. Ariz. 1982) ("In the first place, a business which generates millions of files cannot frustrate discovery by creating an inadequate filing system so that individual files cannot readily be located.").

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 36 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 36 of 94

The Court does not agree with Counterdefendants that Defendants made a "blanket assertion that the attorney-client privilege does not apply."[155]   On the contrary, Defendants asked Counterdefendants to "create a privilege log identifying the precise portions of the documents that contain privileged communication and the basis for that privilege."[156]   While the attorney-client privilege generally does not protect the amount and payment of a fee,[157] the Court agrees that to the extent that an invoice contains information that reveals litigation strategy or legal advice or opinions, that portion of the invoice falls within the privilege.[158]   Counterdefendants must produce all the invoices but may redact the privileged information contained in an invoice, and state the basis for each redaction in their privilege log.

The Court does not agree with Counterdefendants' assertion that the information sought by Requests for Production 3 or 4 is protected by the attorney work product doctrine,[159] which "protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation."[160]

---

[155] *See* Docket 96 at 15.

[156] Docket 87 at 16.

[157] *Moudy*, 964 P.2d at 471.

[158] *See Cool Homes, Inc. v. Fairbanks N. Star Borough*, 860 P.2d 1248, 1262 (Alaska 1993) (providing that attorney-client privilege aims to protect litigation strategies); *Watkinson*, 540 P.3d at 276 (citing Alaska R. Evid. 503(b), (d)).

[159] *See* Docket 89-3 at 11.

[160] *In re Grand Jury Subpoena*, 357 F.3d 900, 906 (9th Cir. 2004) (internal quotation marks omitted) (quoting *Admiral Ins. Co. v. U.S. Dist. Ct.,* 881 F.2d 1486, 1494 (9th Cir.1989)).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 37 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 37 of 94

Here, the invoices were not prepared in anticipation of litigation; they were prepared as part of the business operations of a law firm.

On March 11, 2025, in response to Request for Production No. 5, Counterdefendants produced copies of the "Tiered Client List" from January 2023 to September 2023, again with client names replaced with pseudonyms.[161] Nevertheless, Counterdefendants maintain that the Tiered Client List is irrelevant because it "does not establish the status of the lead attorney for the case," and therefore that "[i]t would be disproportionate to the needs of the case to order LOCL to produce these records back to 2018, an exercise that would likely take another 200+ hours of time."[162]

Defendants reply that "LOCL admits that it retains Tiered Client Lists from each month yet refuses to provide any before 2023," and that "[r]egardless of whether LOCL subjectively believes that this discovery alone 'does not establish the status of the lead attorney for the case,' the documents are relevant to that matter" and must be produced in an unredacted, unedited form.[163]

The Court directs Counterdefendants to produce the Tiered Client List for the requested time period in response to Request for Production No. 5 in an

---

The Court notes that unlike the attorney-client privilege, which is here governed by Alaska state law, the application of the work product doctrine is governed by federal law in diversity cases. *See supra* note 41.

[161] Docket 96 at 17; Docket 110 at 7; *see* Docket 102-3 [SEALED] (Tiered Client List).

[162] Docket 96 at 16-17.

[163] Docket 110 at 7-8.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 38 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 38 of 94

unredacted, unedited form. The Court exercises its "broad discretion"[164] to determine that the information sought in Request for Production No. 5 is relevant for purposes of discovery; it is "reasonably calculated to lead to"[165] information relevant to, for example, Ms. Rae's contributions to LOCL.[166] The information sought is proportional to the needs of this case and not overly burdensome because Counterdefendants have stated that LOCL "retain[s] the monthly Tiered Client List that would be in the form it was in when last changed during the month in question."[167] And Counterdefendants need not spend over 200 hours redacting the list given that the clients' names are not protected from disclosure by the attorney-client privilege here and must be disclosed.[168] Counterdefendants' bare contention that the request for "original metadata" is unduly burdensome"[169] without more does not overcome Federal Rule 34(b)(1)(C)'s provision that the requesting party may "specify the form or forms in which electronically stored information is to be produced." Nor does the Court agree that the information sought by Request for Production 5 is protected by the attorney work product

---

[164] *Pizzuto*, 136 F.4th at 868.

[165] *Id.*

[166] *See* Docket 1-1 at ¶ 15 n.1 (asserting that Ms. Rae "was only the principal in two Alaska cases"); Docket 41 at ¶ 15 (denying the same).

[167] *See* Docket 96 at 17.

[168] *Talivaa*, 2017 WL 3575194, at *2 (quoting *Moudy*, 964 P.2d at 471).

[169] Docket 89-3 at 12.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 39 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 39 of 94

doctrine,[170] which "protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation."[171] Here, the Tiered Client List was not prepared in anticipation of litigation; it was prepared as part of the operations of a law firm.

### E. Requests for Production Nos. 34 and 35

Defendants contend that Counterdefendants should be "compelled to produce the client file and all trust accounting for client J.P.F. in response to Requests for Production Nos. 34 and 35."[172]

Request for Production No. 34 asks Counterdefendants to "[p]roduce the entire client file maintained by the Law Offices of Christy Lee, P.C. for client J.P.F., including all invoices and estate planning documents prepared by the Law Offices of Christy Lee, P.C. for J.P.F."[173] Request for Production No. 35 states that "[a]ccording to J.P.F.'s invoices he paid the Law Offices of Christy Lee, P.C. $20,000 on 12/16/2020, on 12/17/20, and again on 1/22/2021 for a total of $60,000. Produce all documents tracking the receipt, deposit into client's trust account (or other account), and withdrawal of these funds."[174]

In response to both discovery requests, Counterdefendants state:

---

[170] *See* Docket 89-3 at 12.

[171] *In re Grand Jury Subpoena*, 357 F.3d at 906 (internal quotation marks omitted) (quoting *Admiral Ins. Co.,* 881 F.2d at 1494).

[172] Docket 87 at 17.

[173] Docket 89-8 at 4.

[174] Docket 89-8 at 4.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 40 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 40 of 94

Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence with respect to any claims defendants may maintain against LOCL. Defendant lacks standing to assert any claims with respect to LOCL's representation of J.P.F. Further, it seeks information that is protected from disclosure by the attorney-client privilege and the attorney work product doctrine.[175]

In their Motion to Compel, Defendants maintain that "[t]he client file and trust accounting for . . . J.P.F. is highly relevant to this litigation because it is at the heart of Plaintiff's allegations of stolen documents and the drastic change in behavior by Lee after receiving notice of Rae's departure from Law Offices."[176] And Defendants do not agree that "the amount of funds moved out of the financial accounting of funds for this client's matter is . . . attorney-client communication protected from disclosure."[177]

In their opposition to the Motion to Compel, Counterdefendants reiterate that "Rae does not have standing to assert any claims on behalf of J.P.F" and that "LOCL does not have consent from J.P.F., or the Personal Representative of his Estate, to disclose his client file."[178] In addition, Counterdefendants state that Ms. Rae "fails to tell the Court that she does not need LOCL to produce his file to her because she already admittedly has it."[179]

---

[175] Docket 89-8 at 4-5.

[176] Docket 87 at 17 (citing Docket 41 at ¶¶ 18, 22, 32-58).

[177] Docket 87 at 17.

[178] Docket 96 at 17-18.

[179] Docket 96 at 18.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 41 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 41 of 94

Defendants reply that "all LOCL documents that were ever in Ms. Rae's possession have now been returned to LOCL" but that, in any case, "LOCL must produce all requested documents relevant to the counterclaims regardless of whether Rae also had a copy."[180] Defendants also maintain that they "are not asserting a claim on behalf of J.P.F.; they have asserted claims on their own behalf regarding Ms. Lee's dishonest behavior and that her smear campaign after Ms. Rae's departure announcement was inspired by her discovery that Ms. Rae obtained evidence of misconduct involving J.P.F.'s case."[181]

The Court directs Counterdefendants to produce the client file and trust accounting for client J.P.F. in response to Requests for Production Nos. 34 and 35. The Court exercises its "broad discretion"[182] to determine that the information sought in Requests for Production Nos. 34 and 35 is relevant for purposes of discovery; it is "reasonably calculated to lead to"[183] information relevant to Defendants' counterclaims of, for example, wrongful termination/constructive discharge and breach of the covenant of good faith and fair dealing.[184] The Court does not see the relevance or import of Counterdefendants' contention that Ms.

---

[180] Docket 110 at 8.

[181] Docket 110 at 8.

[182] *Pizzuto*, 136 F.4th at 868.

[183] *Id.*

[184] *See* Docket 166 at ¶¶ 18, 22, 32-46, 51-59.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 42 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 42 of 94

Rae "does not have standing to assert any claims on behalf of J.P.F.";[185] the information sought is related to Defendants' counterclaims asserted on their own behalf. The information sought is proportional because the burden of producing it does not outweigh its likely benefit to the resolution of this case; producing a client file and trust accounting documents maintained in the course of business appears to be a relatively straightforward task that is unlikely to pose an undue burden on Counterdefendants.[186]

The Court recognizes that the client file is likely to contain privileged material and that some of the information contained in trust accounting documents might be protected, but only to the extent that the information reveals "communications between attorneys and clients for the purpose of providing legal services."[187] To the extent that Counterdefendants withhold documents from production, they are directed to produce a privilege log that identifies each document that is being withheld and on what basis.[188] To the extent that a document contains some privileged information and some nonprivileged information, Counterdefendants must produce the documents but may redact the privileged information, and state the basis for the redaction in their privilege log. However, all information and

---

[185] *See* Docket 96 at 18.

[186] *See* Fed. R. Civ. P. 26(b)(1).

[187] *See Watkinson*, 540 P.3d at 276 (citing Alaska R. Evid. 503(b), (d)).

[188] *See* Fed R. Civ. P. 26(b)(5)(A).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 43 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 43 of 94

documentation regarding the receipt, deposit, and withdrawal of J.P.F.'s funds by LOCL is discoverable and must be produced in this action.

The Court does not agree with Counterdefendants that the information sought by Requests for Production 34 or 35 is protected by the attorney work product doctrine,[189] which "protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation."[190] Here, neither the trust accounting nor the client file were prepared in anticipation of litigation. Moreover, the fact that Counterdefendants allege that "Ms. Rae "already admittedly has [the file]"[191] does not change Counterdefendants' obligation to produce the requested records.[192]

## F. Requests for Production Nos. 14 and 15

Defendants contend that Counterdefendants should be "compelled to produce copies of the Outlook calendars requested in Requests for Production Nos. 14 and 15."[193]

---

[189] *See* Docket 89-8 at 4-5.

[190] *In re Grand Jury Subpoena*, 357 F.3d at 906 (internal quotation marks omitted) (quoting *Admiral Ins. Co.,* 881 F.2d at 1494).

[191] Docket 96 at 18.

[192] *See* 7 Moore's Federal Practice § 34.12 (3d ed. 2025); *Mirlis*, 80 F.4th at 382; *In re Allergan, Inc.*, 2016 WL 5922717, at *9.

[193] Docket 87 at 18.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 44 of 94

Request for Production No. 14 asks Counterdefendants to "[p]roduce a copy of [Ms. Lee's] Outlook Calendar from January 2022 to the present."[194]  Request for Production No. 15 asks Counterdefendants to "[p]roduce a copy of Meghan Rae's Outlook Calendar from January 2022 to October 2023."[195]

In response to both discovery requests, Counterdefendants state:

> Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the needs of the case. Further, it seeks information that is protected from discovery by the work product doctrine and attorney-client privilege and seeks information that is proprietary and otherwise confidential. Based on the stated objections, Lee is withholding responsive documents.[196]

According to Defendants, the calendars are relevant to "establish the timeline of Rae's work at [LOCL] in the context of Plaintiff's allegations. The calendars are also relevant to Defendants' counterclaims, including showing Lee's absences from the office and dates of trainings or CLEs attended by Rae."[197]  Defendants also reject the contention that an Outlook calendar could "contain[] information that would 'reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided' so as to be protected by attorney-client privilege."[198]

---

[194] Docket 89-3 at 16.

[195] Docket 89-3 at 16.

[196] Docket 89-3 at 16.

[197] Docket 87 at 18 (citing Docket 41 at 12 ¶ 11, 13 ¶ 13, 20 ¶ 48).

[198] Docket 87 at 18 (quoting *Clarke*, 974 F.2d at 129).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 45 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 45 of 94

Counterdefendants maintain that "even information showing that certain individuals or businesses have consulted with it regarding tax issues that could result in criminal prosecution is, in fact, privileged and those clients could be severely prejudiced by the disclosure of this information. Everything would have to be redacted, which will take around 60 hours."[199] Counterdefendants further assert that "[t]he time records LOCL has now produced for Rae are more than sufficient for her to try to prove that she was substantially responsible for representing any client of LOCL's" and that "Rae deleted information from her Outlook calendar before she resigned, so there is nothing left on that calendar to produce from 2022 or 2023."[200]

Defendants reply that Counterdefendants' concerns about confidentiality ought to be assuaged by the Protective Order, and that "LOCL's repeated assertions that Ms. Rae 'deleted' everything from Outlook before she resigned are incorrect."[201]

The Court directs Counterdefendants to produce the Outlook calendars requested in Requests for Production Nos. 14 and 15, to the extent that responsive

---

[199] Docket 96 at 18.

[200] Docket 96 at 18-19; Docket 101 [SEALED] at ¶ 10.

[201] Docket 110 at 9.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 46 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 46 of 94

documents exist.[202]  The Court exercises its "broad discretion"[203] to determine that the information sought in Requests for Production Nos. 14 and 15 is relevant for purposes of discovery; it is "reasonably calculated to lead to"[204] information about the timeline of Ms. Rae's work at LOCL in the context of Ms. Lee's allegations as well as information relevant to Defendants' counterclaims about Ms. Lee's absences from the office and dates of trainings or CLEs attended by Ms. Rae.[205] The information sought is proportional to the needs of the case because the burden of producing it does not outweigh its likely benefit; producing these Outlook calendars appears to be a relatively straightforward task that is unlikely to pose an undue burden on Counterdefendants, particularly as there would appear to be little, if any, need to redact any information on these calendars.[206]

---

[202] Of course, a responding party need not produce a document that does not exist, *see* 7 Moore's Federal Practice § 34.14 (3d ed. 2025), so to the extent that it is true that Ms. Rae deleted her Outlook calendar, Counterdefendants may withhold documents responsive to Request for Production No. 15 on that basis.  The Court notes that because an Outlook calendar is a record "normally kept in the business of the party," it is "presumed to exist, absent a sworn denial." *Norman v. Young*, 422 F.2d 470, 473 (10th Cir. 1970).  Here, the Affidavit of Christy Lee states that Ms. Rae "deleted the contents of her outlook email folders," but Ms. Lee does not explicitly attest that the contents of Ms. Rae's Outlook calendar were likewise deleted.  *See* Docket 101 [SEALED] at ¶ 10.  The affidavit also states that "[a]ll folders in Outlook . . . are purged after 1 year."  Docket 101 [SEALED] at ¶ 10.  Should Counterdefendants withhold documents responsive to Request for Production No. 15 on the basis that those documents do not exist, the Court requires a sworn affidavit attesting to that fact.  And to the extent that those electronic files were purged despite Counterdefendants' obligation to preserve them, *see* Fed. R. Civ. P. 37(e), Counterdefendants must so indicate.

[203] *Pizzuto*, 136 F.4th at 868.

[204] *Id.*

[205] *See* Docket 166 at ¶¶ 11, 13, 48.

[206] *See* Fed. R. Civ. P. 26(b)(1).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 47 of 94

The Court does not agree with Counterdefendants' general assertion that "information showing that certain individuals or businesses have consulted with [LOCL] regarding tax issues that could result in criminal prosecution" is privileged[207] because Counterdefendants have not made a "specific showing or argument regarding a specific client" sufficient to overcome the general rule that client identity is not protected.[208]  To the extent that the Outlook calendars contain some privileged information about litigation strategy or legal advice that ought to be protected,[209] Counterdefendants must produce the documents but may redact the privileged information, and state the basis for each redaction in their privilege log.  The Court does not agree with Counterdefendants that the information sought by Requests for Production Nos. 14 and 15 is protected by the attorney work product doctrine,[210] which "protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation."[211]  Here, neither Outlook calendar was prepared in anticipation of litigation; they were created as part of the daily operations of a law firm.

---

[207] *See* Docket 96 at 18.

[208] *See Falcon*, 570 P.2d at 473 n.11.

[209] *See Cool Homes, Inc.*, 860 P.2d at 1262; *Watkinson*, 540 P.3d at 276 (citing Alaska R. Evid. 503(b), (d)).

[210] *See* Docket 89-3 at 16.

[211] *In re Grand Jury Subpoena*, 357 F.3d at 906 (internal quotation marks omitted) (quoting *Admiral Ins. Co.,* 881 F.2d at 1494.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 48 of 94

**G. Requests for Production Nos. 7, 9, 11, and 12**

Defendants contend that Counterdefendants should be "compelled to provide Defendants with the original, unedited, unredacted version of the Time Matters Audit" in response to Requests for Production Nos. 7, 9, 11, and 12.[212]

Request for Production No. 7 asks Counterdefendants to "[p]roduce a copy of any and all audits of Meghan Rae's activity in the Firm's Time Matters database which allegedly prove that Meghan Rae has taken all contact information of Plaintiff's clients prior to her departure."[213]

Request for Production No. 9 asks Counterdefendants to:

Produce any documents or evidence You have to support Plaintiff's allegation that Meghan Rae "sent to the 'trash can' a substantial number of critical documents, emails, and internal messages" and then "opened the 'trash can' of the Time Matter system and permanently deleted the item, to cover her tracks."[214]

Request for Production No. 11 asks Counterdefendants to "[p]roduce a copy of any documents or evidence [they] have to support [their] allegation that Meghan Rae 'deleted emails associated with her on the server.'"[215]

---

[212] Docket 87 at 19.

[213] Docket 89-3 at 13.

[214] Docket 89-3 at 13-14. The Court notes that Defendants do not provide a citation for their quoted language, which is found in Plaintiff's First Amended Complaint. *See* Docket 89-3 at 18; Docket 1-1 at ¶ 31.

[215] Docket 89-3 at 14. The Court notes that Defendants appear to be quoting a statement made by Plaintiff here, but they do not provide a citation.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 49 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 49 of 94

In response to Requests for Production Nos. 7, 9 and 11, Counterdefendants state:

> Objection. This request seeks information that is protected by attorney-client privilege and is unduly burdensome at this juncture to properly redact. Notwithstanding these objections, and without waiving them, once Rae agrees to submit a request to the Court that the Time Matters report will be considered both a confidential and sealed document such that there will be no question that the identities and other privileged information regarding clients of the Law Offices of Christy Lee will be protected, Lee will produce the Time Matters audit that was prepared after Rae was terminated.[216]

Request for Production No. 12 asks Counterdefendants to "[p]roduce a copy of any other claimed 'forensic investigation,' 'audit,' or 'report' not already produced above, that [they] have conducted or prepared or directed to be conducted or prepared regarding Meghan Rae."[217]

In response to Request for Production No. 12, Counterdefendants state:

> Objection. This request seeks information that is protected by the attorney work product doctrine. Notwithstanding this objection, and without waiving it, once Rae agrees to submit a request to the Court that the Time Matters report will be considered a [sic] both a confidential and sealed document such that there will be no question that the identities and other privileged information regarding clients of the Law Offices of Christy Lee will be protected, Lee will produce the Time Matters audit that was prepared after Rae was terminated.[218]

---

[216] Docket 89-3 at 13-15.

[217] Docket 89-3 at 15.

[218] Docket 89-3 at 15.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 50 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 50 of 94

On January 16, 2025, Counterdefendants served their First Supplemental Disclosures, which included the Time Matters Audit Key and a redacted copy of the Time Matters Audit.[219]

In their Motion to Compel, Defendants maintain that the Time Matters Audit that was produced was rendered "incomprehensible" by Counterdefendants' redactions of client names and additions of "Client No. __" into the filenames.[220] Defendants assert that these alterations are "unacceptable" given that "the identity of a client and the general nature of the services provided are not protected by attorney-client privilege," and that the production "overcomplicates the matter and makes discovery less accessible to Defendants."[221]  And Defendants assert that "[i]f Plaintiffs could so easily add in information to the report mid-sentence and in the same font so as to appear to be part of the original document, Defendants cannot rely on the veracity of the remainder of the document."[222]

Counterdefendants respond that "its approach to redacting certain privileged information and using client identifiers strikes a reasonable balance between Rae's right to information relevant to the claims being asserted against her and protecting

---

[219] Docket 89-9; Docket 89-10; *see also* Docket 91 [SEALED] (Time Matters Audit); Docket 92 [SEALED] (Time Matters Audit Key).

[220] Docket 87 at 18.

[221] Docket 87 at 19.

[222] Docket 87 at 19.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 51 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 51 of 94

client confidentiality and privilege."[223]  Counterdefendants maintain that "[a]ll that was done was to redact some privileged information and to redact client names . . . and replace them with pseudonyms."[224]  Because "[t]hese are documents that will be used at trial," Counterdefendants note that "[c]ertainly, Rae is not suggesting that all of LOCL's client names should be disclosed to the public?"[225] Counterdefendants assert that "[i]f the Court believes that further disclosure may be appropriate or that LOCL may have over-redacted the privileged information in the Time Matters Audit, then at most, it should only order an *in camera* review of the unredacted copy of the Time Matters Audit" to "conclude that nothing was 'edited' in the reports other than changing out client names for pseudonyms."[226]

Defendants reply that "LOCL's decision to provide a redacted and manipulated version of the Time Matters Audit with a separate 'key' to fill in the information that was removed and replaced is nonsensical and violates Federal Civil Rule 34," and that "[w]hether the document would require redactions before use at trial or in a public filing is a separate issue that can be dealt with as the situation arises."[227]

In response to Requests for Production Nos. 7, 9, 11, and 12, the Court

---

[223] Docket 96 at 19.

[224] Docket 96 at 19.

[225] Docket 96 at 20.

[226] Docket 96 at 20.

[227] Docket 110 at 9-10.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 52 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 52 of 94

directs Counterdefendants to produce the original, unedited, unredacted version of the Time Matters Audit. The Court exercises its "broad discretion"[228] to determine that the information sought in the Time Matters Audit is relevant for purposes of discovery; it is "reasonably calculated to lead to"[229] information relevant to Defendants' defenses to Plaintiff's claims of, for example, intentional interference with prospective civil action by spoliation of evidence and interference with a prospective business relationship.[230] The Court agrees with Defendants that the admissibility of these documents at trial is a separate issue to be addressed at a later point in the litigation.[231] The information sought is proportional to the needs of this case because the burden of producing it does not outweigh its likely benefit in this case; producing the original unredacted version of the Time Matters Audit appears to be a relatively straightforward task that is unlikely to pose an undue burden on Counterdefendants.[232]

Counterdefendants are directed to reproduce the Time Matters Audit redacted only to the extent needed to protect information about litigation strategy

---

[228] *Pizzuto*, 136 F.4th at 868.

[229] *Id.*

[230] *See* Docket 89-3 at 18; Docket 1-1 at ¶¶ 73-79.

[231] *See* Fed. R. Civ. P. 26(b) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

[232] *See* Fed. R. Civ. P. 26(b)(1).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 53 of 94

or legal advice.[233] Counterdefendants are not entitled to redact client names, which are generally not protected from disclosure by the attorney-client privilege.[234] Other than any communications about legal advice that are entitled to be redacted, the Time Matters Audit is nonprivileged.

Counterdefendants are directed to reproduce the Time Matters Audit in its unedited version because, in the context of the production of ESI, the advisory committee note to Federal Rule 34(b) states that although a party may produce electronically stored information in a "reasonably usable form" other than in the information's native form, this does not mean "that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation."[235] The Court applies this same reasoning here, where Counterdefendants have produced responsive documents in a form that "makes it more difficult or burdensome" for Defendants to use them.

---

[233] See Cool Homes, Inc., 860 P.2d at 1262; Watkinson, 540 P.3d at 276 (citing Alaska R. Evid. 503(b), (d)).

[234] See Talivaa, 2017 WL 3575194, at *2 (quoting Moudy, 964 P.2d at 471).

[235] Fed. R. Civ. P. 34(b), advisory committee's note, 2006 amendment; see also Johnson v. RLI Ins. Co., Case No. 3:14-CV-00095-SLG, 2015 WL 5125639, at *4 (D. Alaska Aug. 31, 2015).

Case No. 3:24-cv-00176-SLG, Law Offices of Christy Lee v. Rae, et al.
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 54 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 54 of 94

## H. Interrogatory No. 3

Defendants contend that Counterdefendants should be "compelled to respond to Interrogatory No. 3."[236]

Interrogatory No. 3 asks Counterdefendants to:

Identify with particularity the documents and/or information in Meghan Rae's possession that You claim derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.[237]

In response to Interrogatory No. 3, Counterdefendants state: "Objection. This interrogatory is vague and confusing and completely incomprehensible. As such, Lee has no way to answer it, or even object to it, because it is unclear what Rae is asking."[238]

In their Motion to Compel, Defendants clarify that "Plaintiff has alleged that Rae took without authorization and used for her own benefit 'trade secrets.' Defendants have asked Plaintiff to identity the documents and/or information that comprise the 'trade secrets' on which these claims are based."[239] Counterdefendants respond that "LOCL has now received a 46 page list of all the documents that Rae alleged that she copied . . . .  LOCL will be supplementing its response to Interrogatory No. 3 to identify, at a minimum, the 'templates' that Rae

---

[236] Docket 87 at 20.

[237] Docket 89-3 at 6.

[238] Docket 89-3 at 6.

[239] Docket 87 at 20 (citing Docket 1-1 at ¶¶ 29, 55-63).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 55 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 55 of 94

took without authorization."[240] In their reply, Defendants take issue with Counterdefendants' "refus[al] to provide a clear response to this straightforward contention interrogatory."[241]

Given that Counterdefendants now have clarity on this request, the Court directs Counterdefendants to supplement their response to Interrogatory No. 3 by identifying the documents they claim that Ms. Rae took from LOCL that are "trade secrets" from which LOCL derives independent economic value. The Court exercises its "broad discretion"[242] to determine that the information sought in Interrogatory No. 3 is relevant for purposes of discovery; it is "reasonably calculated to lead to"[243] information relevant to Defendants' defenses to Plaintiff's claims of, for example, conversion, trade secret misappropriation, unfair trade practices, and unjust enrichment.[244] The information sought is proportional to the needs of this case because the burden of producing it does not outweigh its likely benefit in this case, given that LOCL has pleaded a trade secrets misappropriation claim[245] and that producing this information is unlikely to pose an undue burden on

---

[240] Docket 96 at 21.

[241] Docket 110 at 10.

[242] *Pizzuto*, 136 F.4th at 868.

[243] *Id.*

[244] *See* Docket 1-1 at ¶¶ 50-68.

[245] *See* Docket 1-1 at ¶¶ 55-59.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 56 of 94

Counterdefendants.[246]  And the information sought is nonprivileged because it is unrelated to "communications between attorneys and clients for the purpose of providing legal services."[247]

## I. Interrogatory No. 5, Request for Production No. 6

Defendants contend that Counterdefendants should be "compelled to respond to Interrogatory No. 5 and provide any and all related documentation in response to Request for Production No. 6."[248]

Interrogatory No. 5 asks Counterdefendants to:

List all third parties, including but not limited to Bar Associations, Police Departments, IRS, Credit Bureaus, etc., that [Ms. Lee] (and/or Plaintiff) have contacted to report alleged misconduct by Meghan Rae since September 15, 2023 to the present. Include with each the date of [their] contact, the form of [their] contact (phone, writing, in-person), and the reason for [their] contact.[249]

Relatedly, Request for Production No. 6 asks Counterdefendants to "[p]roduce in its native format (word, pdf, excel) and with all of its original metadata, all reports, complaints, grievances, etc. identified in [their] Answer to Interrogatory No. 5."[250]

Counterdefendants respond to both requests by stating:

Objection. To the extent that any complaints may have been made, and Lee is neither admitting nor denying that such complaints may have been made, any such complaints are confidential as is any

---

[246] *See* Fed. R. Civ. P. 26(b)(1).

[247] *Watkinson*, 540 P.3d at 276 (citing Alaska R. Evid. 503(b), (d)).

[248] Docket 87 at 21.

[249] Docket 89-3 at 7.

[250] Docket 89-3 at 12.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 57 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 57 of 94

information that Lee may have submitted in support of such complaints. Furthermore, the request is not reasonably calculated to lead to the discovery of evidence specific to the issues in dispute in this lawsuit nor is it proportional to the needs of the lawsuit.[251]

In their Motion to Compel, Defendants state that the requested information is relevant to Plaintiff's allegation that Defendants' "alleged access to and retention of certain firm documents 'constitut[es] a criminal offense of ID theft that will be reviewed by the appropriate authorities'" and to Defendants' "affirmative defenses related to Lee's negligent or intentional acts, 'unclean hands,' and . . . 'Plaintiff['s] material[] breach[ of] the parties agreement.'"[252]

Counterdefendants respond by reiterating the potential confidentiality of any proceedings. They state that, for example, "if a Bar Grievance was submitted . . . , the rules of the ABA make it crystal clear that those proceedings are confidential and cannot be disclosed, unless and until formal proceedings are begun."[253] And "if Lee or LOCL filed a criminal report, there would be an ongoing investigation, information about which neither Lee nor LOCL would be legally permitted to submit

---

[251] Docket 89-3 at 7, 12-13. In response to the Request for Production, Counterdefendants add that "[b]ased on the stated objections, Lee may be withholding potentially responsive documents." Docket 89-3 at 13.

[252] Docket 87 at 20 (first alteration in original) (first quoting Docket 1-1 at ¶ 41; and then citing Docket 41 at ¶¶ 2, 8, 9).

[253] Docket 96 at 21-22 (citing Alaska Bar Rule 22(b)).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 58 of 94

to Rae or this Court."[254] Counterdefendants also reiterate that the information "has nothing to do with any of the claims in this civil litigation."[255]

Defendants reply that the "requests are directly relevant to Ms. Rae's claims of defamation and interference with business opportunities" and that "LOCL's intentionally nebulous response about the possibility of bar grievances or criminal referrals does not provide a legitimate objection to these straightforward requests."[256]

The Court directs Counterdefendants to respond to Interrogatory No. 5 and to produce documents responsive to Request for Production No. 6. The Court exercises its "broad discretion"[257] to determine that the information sought in Interrogatory No. 5 and Request for Production No. 6 is relevant for purposes of discovery; it is "reasonably calculated to lead to"[258] information relevant to Defendants' counterclaims of, for example, defamation, intentional interference with prospective economic advantage, and unfair competition.[259] The information sought is proportional because the burden of producing it does not outweigh its likely benefit; producing these documents appears to be a relatively straightforward

---

[254] Docket 96 at 22. Counterdefendants do not provide any authority for this assertion.

[255] Docket 96 at 22.

[256] Docket 110 at 10.

[257] *Pizzuto*, 136 F.4th at 868.

[258] *Id.*

[259] *See* Docket 166 at ¶¶ 75-91, 99-108.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 59 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 59 of 94

task that is unlikely to pose an undue burden on Counterdefendants.[260]

The Court agrees that Counterdefendants' response about the confidentiality of different potential proceedings is too nebulous to support a claim of privilege. To the extent that Counterdefendants withhold documents on the basis of privilege, they are directed to provide a privilege log that identifies each document that is being withheld and on what basis.[261] Moreover, with respect to the Alaska Bar confidentiality rules, the Court notes that the rules provide that the respondent—here, Ms. Rae—"may waive confidentiality in writing and request disclosure of any information pertaining to the Respondent to any person or to the public."[262] By requesting this information in discovery from Counterdefendants, Ms. Rae has waived the confidentiality in writing.

## J. Interrogatory No. 6

Defendants contend that Counterdefendants should be "compelled to respond to Interrogatory No. 6."[263]

Interrogatory No. 6 asks Counterdefendants to "[i]dentify all former employees of the Plaintiff, including the attorney who said working for [Ms. Lee]

---

[260] *See* Fed. R. Civ. P. 26(b)(1).

[261] *See* Fed R. Civ. P. 26(b)(5)(A).

[262] Alaska Bar Rule 22(b)).

[263] Docket 87 at 22.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 60 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 60 of 94

was like working for the devil. For each person provide their full name, last known address, email address, telephone number, and employer."[264]

Counterdefendants respond to this request by stating:

> Objection. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Further, it seeks private and confidential personnel information. It is overly broad and unduly burdensome as it is not limited in scope or time. Notwithstanding these objections, and without waiving them, Lee responds by stating she is unaware of any former attorney or employee stating that working for her was "like working for the devil."[265]

In their motion to compel, Defendants maintain that this information is relevant because "Rae has alleged that Lee bullied her and other employees during the time she worked at Law Offices. All of the other employees have information relevant to this claim and may be potential witnesses at trial."[266] Defendants assert that the information will also be relevant to Plaintiff's claims that Ms. Rae would have been aware that she was not allowed to access firm documents because of an "Office Policy"; "[f]ormer employees of Plaintiff will have information related to their receipt or knowledge of the 'Office Policy' and whether or not those policies were discussed during meetings."[267]

Counterdefendants respond by contending that "[i]nformation about other former employees who worked for LOCL has no relevance to any claims at issue

---

[264] Docket 89-3 at 7.

[265] Docket 89-3 at 7.

[266] Docket 87 at 21.

[267] Docket 87 at 21 (citing Docket 1-1 at ¶¶ 9, 13).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 61 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 61 of 94

in this lawsuit" because "this is not a class action lawsuit nor would Rae have any basis to pursue any type of class action."[268] Defendants reply that former employees "are important witnesses to this litigation who likely have discoverable information."[269]

The Court directs Counterdefendants to respond to Interrogatory No. 6, but limits the request to the five-year period during which Ms. Rae worked at LOCL. The Court exercises its "broad discretion"[270] to determine that the information sought in Interrogatory No. 6 is relevant for purposes of discovery; it is "reasonably calculated to lead to"[271] information relevant to Defendants' counterclaims of, for example, a hostile work environment leading to wrongful termination/constructive discharge and breach of the covenant of good faith and fair dealing.[272] The information sought is proportional to the needs of this case because the burden of producing it does not outweigh its likely benefit in this litigation, particularly given the limited time frame imposed by the Court and the fact that LOCL is a small law firm.[273] Counterdefendants do not cite anything for their proposition that they are

---

[268] Docket 96 at 22.

[269] Docket 110 at 10.

[270] *Pizzuto*, 136 F.4th at 868.

[271] *Id.*

[272] *See* Docket 1-1 at ¶¶ 32-46, 51-59.

[273] *See* Fed. R. Civ. P. 26(b)(1).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 62 of 94

entitled to withhold discovery on the basis that personnel information is "private,"[274] and the Court is not aware of authority for withholding on that basis.[275]

## K. Request for Production No. 1

Defendants contend that Counterdefendants should be "compelled to produce the Office Policy in its native format with all original metadata in response to Request for Production No. 1."[276]

Request for Production No. 1 asks Counterdefendants to "[p]roduce in its native format (word file), and with all of its original metadata, the 'Office Policy' which [they] claim was sent to Meghan Rae at the start of her employment in 2018."[277]

Counterdefendants respond to this request by stating:

Objection. Lee objects to this request as vague, ambiguous, and overly broad in scope to the extent that is seeks "original metadata." This request also appears to be seeking confidential, proprietary business information and trade secrets. Moreover, due to the overly broad nature, this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as any differences between the policy provided to Rae in 2018 and any previous or subsequent versions of the policy are not relevant to any issues in dispute in this litigation. Notwithstanding

---

[274] *See* Docket 89-3 at 7.

[275] *Cf.* Fed. R. Civ. P. 26(a)(1)(A)(i) (providing that required disclosures include "the name and, if known, the address and telephone number of each individual likely to have discoverable information").

[276] Docket 87 at 22.

[277] Docket 89-3 at 9.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 63 of 94

these objections, and without waiving them, Lee will produce a PDF copy of the office policy in place in 2018.[278]

According to Defendants, Counterdefendants then "produced an undated copy of the 'Office Policy,'" but [did] not produce[] any proof that the document was ever given to Rae or any indication of when th[e] document was created."[279] Defendants also note that Counterdefendants previously "filed and made public the alleged Office Policy in the Superior Court long before moving for the pleadings to be sealed, thereby waiving any potential 'confidentiality' objection."[280]

Counterdefendants respond that in addition to producing a copy of the current Office Policy, they supplemented their "prior production to produce exemplar copies of the Office Policy signed by other current or former employees of LOCL."[281]  And Counterdefendants maintain that "Rae deleted the copy of the Office Policy she signed when she began employment with LOCL, so it no longer exists, in 'native format' or otherwise."[282] Counterdefendants state that "Rae has received what she is entitled to receive in response to this request and LOCL should not be ordered to respond any further."[283]

_____

[278] Docket 89-3 at 9-10.

[279] Docket 87 at 22.

[280] Docket 87 at 22 (citing Docket 7-5 at 38).

[281] Docket 96 at 23 (citing Docket 102-5 [SEALED]).

[282] Docket 96 at 23.

[283] Docket 96 at 23.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 64 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 64 of 94

In their reply, Defendants take issue with Counterdefendants' assertion that Ms. Rae deleted the Office Policy, which they contend she never received.[284] And Defendants assert that "if it is true that LOCL has every employee sign a version of this 'Office Policy,' then certainly LOCL maintains a word-version of this document to use for new employees that would have metadata to reveal the date it was created."[285]

The Court directs Counterdefendants to produce the Office Policy in its native format with all original metadata in response to Request for Production No. 1, to the extent that Counterdefendants have this document in their possession. Of course, a responding party need not produce a document that does not exist,[286] but the Court agrees with Defendants that a Word version of the Office Policy is likely to exist if LOCL does indeed require every employee to sign a copy.[287]

The Court exercises its "broad discretion"[288] to determine that the Office Policy is relevant for purposes of discovery; it is "reasonably calculated to lead

---

[284] Docket 110 at 11.

[285] Docket 110 at 11.

[286] *See* 7 Moore's Federal Practice § 34.14 (3d ed. 2025). However, the Court notes that the existence or non-existence of the Office Policy PDF purportedly signed by Ms. Rae, which Ms. Lee attests was deleted, *see* Docket 101 [SEALED] at ¶ 14, does not have bearing on the existence of the original Word file maintained by LOCL.

[287] The Court notes that a Word version of the Office Policy would appear to be a record "normally kept in the business of the party," and it is therefore "presumed to exist, absent a sworn denial." *Norman*, 422 F.2d at 473.

[288] *Pizzuto*, 136 F.4th at 868.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 65 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 65 of 94

to"[289] information relevant to, for example, Plaintiff's assertion that "Defendant Rae received a copy of Plaintiff's Office Policies, which specified Plaintiff's expectations of all employees, including the fact that Plaintiffs legal documents were the intellectual property of the Plaintiff."[290]  The information sought is proportional to the needs of this case  because the burden of producing it does not outweigh its likely benefit.[291]  Counterdefendants' bare contention that the request is "overly broad in scope to the extent that is seeks 'original metadata'"[292] without more does not overcome Federal Rule 34(b)(1)(C)'s provision that the requesting party may "specify the form or forms in which electronically stored information is to be produced."  The Court notes that the metadata appears to be relevant to Defendants' denial of Plaintiff's claims that Defendants "understood that Plaintiff had asserted a proprietary interest in all office forms, contracts, pleading templates, and work product created by [LOCL] or by any employee of [LOCL] and that this material was not to be retained" because "Plaintiff made this policy known to Defendant Raes [sic] in writing in the form of Plaintiff[']s Office Policies."[293]

---

[289] *Id.*

[290] *See* Docket 1-1 at ¶ 9.

[291] *See* Fed. R. Civ. P. 26(b)(1).

[292] *See* Docket 89-3 at 9-10.

[293] Docket 1-1 at ¶ 13; Docket 41 at 3 ¶ 13; *see Johnson v. RLI Ins. Co.*, Case No. 3:14-CV-00095-SLG, 2015 WL 5125639, at *4 (D. Alaska Aug. 31, 2015) ("[T]he Sedona Conference . . . provides criteria for deciding whether metadata should be produced in a given case. The commentary advises parties to consider: (i) what metadata is ordinarily maintained; (ii) the relevance of the metadata; and (iii) the importance of reasonably accessible metadata to

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 66 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 66 of 94

The Office Policy is not privileged because it does not relate to "communications between attorneys and clients for the purpose of providing legal services."[294] And the Court agrees that Counterdefendants appear to have waived any confidentiality concerns by publicly filing the Office Policy in the Superior Court in December 2023.[295]

## L. Interrogatory No. 11

Defendants contend that Counterdefendants should be "compelled to respond to Interrogatory No. 11."[296]

Interrogatory No. 11 asks Counterdefendants to "[i]dentify any demands, grievances or complaints made against [Ms. Lee] by any current or former employee, including identification of the employee, the dates of their employment, the nature of the complaint(s), and -if applicable- the reason the employment relationship ended."[297]

Counterdefendants respond to this request by stating:

> Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence regarding Meghan Rae's employment with LOCL or any claims alleged with respect to that employment. Further, it is not proportional to the needs of the case

---

facilitating the parties' review, production, and use of the information." (internal quotation marks omitted)).

[294] *Watkinson*, 540 P.3d at 276 (citing Alaska R. Evid. 503(b), (d)).

[295] *See* Docket 7-5 at 38.

[296] Docket 87 at 23.

[297] Docket 89-8 at 2.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 67 of 94

and is overly broad and unduly burdensome as it is not limited in scope in time.[298]

In their Motion to Compel, Defendants maintain that the requested information is relevant because "Lee's behavior toward employees takes center stage in Rae's defenses, which are intertwined with her counterclaims regarding her constructive discharge and the hostile work environment created by Lee's dishonesty and abhorrent behavior."[299]

In response, Counterdefendants reiterate that "[a]ny grievances or complaints made by any other employees, past or current, are not relevant to any claim alleged by Rae" and that the "request is overly broad and in no way proportional to the needs of the case."[300] Counterdefendants also maintain that Ms. Rae has access to the information herself.[301] And Counterdefendants assert that Defendants seek "inadmissible character evidence."[302]

The Court directs Counterdefendants to respond to Interrogatory No. 11, but limits the request to the five-year period during which Ms. Rae worked at LOCL. The Court exercises its "broad discretion"[303] to determine that the information sought in Interrogatory No. 11 is relevant for purposes of discovery; it is

---

[298] Docket 89-8 at 2.

[299] Docket 87 at 23.

[300] Docket 96 at 23.

[301] Docket 96 at 23.

[302] Docket 96 at 23-24.

[303] *Pizzuto*, 136 F.4th at 868.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 68 of 94

"reasonably calculated to lead to"[304] information relevant to Defendants' counterclaims of, for example, a hostile work environment leading to wrongful termination/constructive discharge and breach of the covenant of good faith and fair dealing.[305] The Court rejects Counterdefendants' contention about Defendants seeking inadmissible character evidence[306] because the Federal Rules are clear that "[i]nformation within th[e] scope of discovery need not be admissible in evidence to be discoverable."[307] The information sought is proportional to the needs of this case because the burden of producing it does not outweigh its likely benefit in this litigation; answering this interrogatory for the designated five-year period appears to be a relatively straightforward task that is unlikely to pose an undue burden on Counterdefendants, particularly given the time frame imposed by the Court.[308] Moreover, the fact that Ms. Rae might have access to the information[309] does not change Counterdefendants' obligation to produce the requested information.[310]

---

[304] *Id.*

[305] *See* Docket 1-1 at ¶¶ 32-46, 51-59.

[306] *See* Docket 96 at 23-24.

[307] Fed. R. Civ. P. 26(b).

[308] *See* Fed. R. Civ. P. 26(b)(1).

[309] *See* Docket 96 at 23.

[310] *See* 7 Moore's Federal Practice § 34.12 (3d ed. 2025); *Mirlis*, 80 F.4th at 382; *In re Allergan, Inc.*, 2016 WL 5922717, at *9.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 69 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 69 of 94

## M. Requests for Production Nos. 23, 24, and 25

Defendants contend that Counterdefendants should be "compelled to provide unredacted documents responsive to Requests for Production Nos. 23, 24, and 25."[311]

Request for Production No. 23 asks Counterdefendants to "[p]roduce in its native format, with all of its original metadata, Plaintiff's bank statements from all bank accounts in Plaintiff's name from December 1[,] 2020, to the present."[312] Request for Production No. 24 asks Counterdefendants to "[p]roduce in its native format, with all of its original metadata, Plaintiff's Time Matter's yearend gross income reports for calendar years 2021, 2022, and 2023."[313] And Request for Production No. 25 asks Counterdefendants to "[p]roduce in its native format, with all of its original metadata, Plaintiff's corporate tax returns for tax years 2021, 2022, and 2023."[314]

In response to these requests, Counterdefendants state:

Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence nor is it proportional to the needs of the case. It seeks confidential and proprietary business information and is overly broad in scope and time. Furthermore, the request for documents in their "native format" is unduly burdensome. Further, it improperly seeks discovery of financial information that is prohibited under AS 09.17.020 unless and until Rae proves an entitlement to an

---

[311] Docket 87 at 24.

[312] Docket 89-3 at 20.

[313] Docket 89-3 at 21.

[314] Docket 89-3 at 21.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 70 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 70 of 94

award of punitive damages. Based on the stated objections, Lee is not producing responsive documents.[315]

In their Motion to Compel, Defendants maintain that the information is relevant to "Plaintiff's claims regarding the 'significant' expenditures and funds Plaintiff 'invested' in Rae and paid out during her employment" and to "Defendants' counterclaim that Plaintiff did not provide financial promises in Rae's employment."[316]   Defendants also state that "Plaintiff clearly recognized the relevance to these items when it produced a number of heavily redacted credit card statements for [LOCL's] credit cards," noting that those documents "are unhelpful without the context of the full record, and there is no privileged information that would appear on a credit card statement that is not adequately protected by marking the documents 'Confidential' under the Court's Protective Order."[317]

Counterdefendants respond that "confidential business financial information, income tax returns and 'bank statements' from December, 2020 to the present are not relevant to any claim at issue in this case."[318] Counterdefendants maintain that "LOCL produced redacted credit card statements to substantiate that,

---

[315] *See* Docket 89-3 at 20-22.  In response to Request for Production No. 24, Counterdefendants add that the "information [is] protected from discovery by the attorney-client privilege and attorney work product" and that no responsive documents exist. Docket 89-3 at 21.

[316] Docket 87 at 23-24 (first citing Docket 1-1 at ¶¶ 10-11, 14, 29; and then citing Docket 41 at ¶¶ 5-6, 29).

[317] Docket 87 at 24.

[318] Docket 96 at 24.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 71 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 71 of 94

Rae's allegations to the contrary, it did pay for substantial business related expenses on her behalf," and that "production of those statements [did not] constitute some kind of admission by LOCL that its financial records, including bank statements and tax returns, are relevant to any claim in this matter."[319] Counterdefendants state that "those credit card statements have all charges from all employees," which were redacted because they "are not relevant to any claims in this lawsuit."[320]  And in response to Request for Production No. 24 for LOCL's Time Matter's yearend gross income reports, Counterdefendants contend that "Time Matters is a client management software" that "has nothing to do with accounts receivables or payables" and that therefore  "[n]o such thing exists."[321]

In their reply, Defendants reiterate that the information requested is relevant, and ask the Court to order LOCL to respond to the requests and to produce the previously-produced credit card statements without redactions.[322]

The Court directs Counterdefendants to produce documents responsive to Requests for Production Nos. 23, 24, and 25, to the extent that responsive

---

[319] Docket 96 at 24 (citing Docket 96-12).

[320] Docket 96 at 24.

[321] Docket 96 at 26.

[322] Docket 110 at 12.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 72 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 72 of 94

documents exist.[323]  The Court exercises its "broad discretion"[324] to determine that

the information sought in Requests for Production Nos. 23, 24, and 25 is relevant

for purposes of discovery; it is "reasonably calculated to lead to"[325] information

relevant to, for example, Defendants' defenses to Plaintiff's claims that "Plaintiff

invested heavily in Defendant Rae's professional growth by covering Defendant

Rae's education and training expenses" and by making substantial investment in

her employment, and to Defendants' counterclaims for breach of contract "as it

related to retirement contributions, $150 a month for a business account, $1,000

a year for CLEs/classes, two hours of wages per month for Ms. Rae to take

CLEs/classes, leave pay, and holiday pay."[326]  Despite Counterdefendants'

assertions to the contrary,[327] Alaska Statute § 09.17.020—which states that

---

[323] Of course, a responding party need not produce a document that does not exist, *see* 7 Moore's Federal Practice § 34.14 (3d ed. 2025), so to the extent that Time Matter's yearend gross income reports do not exist, Counterdefendants may withhold on that basis.  However, the Court notes that, to the extent that these records do exist, the gross income reports are relevant and proportional for the reasons provided above.  The reports would not be protected by the attorney work product doctrine, which "protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation."  *In re Grand Jury Subpoena*, 357 F.3d at 906 (internal quotation marks omitted) (quoting *Admiral Ins. Co.*, 881 F.2d at 1494).  It also seems unlikely that gross income reports would be protected by attorney-client privilege, despite Counterdefendants' assertions to the contrary.  *See* Docket 89-3 at 21.  To the extent that these reports do contain incidental information about litigation strategy that ought to be protected, Counterdefendants must produce the documents and redact the privileged information.

[324] *Pizzuto*, 136 F.4th at 868.

[325] *Id.*

[326] *See* Docket 1-1 at ¶¶ 10-11; Docket 166 at ¶¶ 5-6, 47-50.  The Court notes that this financial information is also directly relevant to Plaintiff's request for a damages award against Defendants in an amount in excess of $1 million. *See* Docket 1-1 at 17.

[327] *See* Docket 89-3 at 20-22.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 73 of 94

"[u]nless that evidence is relevant to another issue in the case, discovery of evidence that is relevant to the amount of punitive damages to be determined under (c)(3) or (6) of this section may not be conducted until after the fact finder has determined that an award of punitive damages is allowed"—does not preclude Defendants from seeking this information, given that the information is relevant to Plaintiff's claims and to Defendants' counterclaims.

The information sought is proportional to the needs of this case because the burden of producing it does not outweigh its likely benefit given that the information is highly relevant to Defendants' defenses to Plaintiff's claims and to Plaintiff LOCL's prayer for $1 million in damages.[328]  Moreover, the fact that Defendants purportedly produced "Ms. Rae's tax returns from 2018 to 2024, her wage and income transcripts from 2018 to 2024 showing all income reported from any source to the IRS under Ms. Rae's social security number, all of Manifest Legal's bank account statements from account opening (May 2023) to the date of production (November 2024), and all of Manifest Legal's profit and loss statements from 2023 and 2024" weighs in favor of finding Defendants' parallel requests to be proportional to the needs of this case.[329]  Counterdefendants' bare contention that "the request for documents in their 'native format' is unduly burdensome"[330] without

---

[328] See Fed. R. Civ. P. 26(b)(1).

[329] Docket 181 at 4-5.

[330] See Docket 89-3 at 20-22.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 74 of 94

more does not overcome Federal Rule 34(b)(1)(C)'s provision that the requesting party may "specify the form or forms in which electronically stored information is to be produced."

The financial information requested is not privileged because it does not convey any "communications between attorneys and clients for the purpose of providing legal services."[331]  The Court agrees with Defendants that any concerns of confidentiality can be assuaged by marking the documents "Confidential" under the Court's Protective Order, which is intended to protect "private and personal information, or other confidential or proprietary information."[332]

The Court also directs Counterdefendants to reproduce the credit card statements without redactions.  The Court agrees with the Western District of Washington court, which found that that "[r]edaction is generally an inappropriate tool for excluding information that a party considers to be irrelevant or nonresponsive from documents that are otherwise responsive to a discovery request."[333] Counterdefendants are therefore not entitled to redact information on that basis.

**N. Requests for Production Nos. 16, 17, and 32**

---

[331] *Watkinson*, 540 P.3d at 276 (citing Alaska R. Evid. 503(b), (d)).

[332] Docket 31 at 1-2.

[333] *Doe v. Trump*, 329 F.R.D. 262, 275 (W.D. Wash. 2018).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 75 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 75 of 94

Defendants contend that Counterdefendants should be "compelled to produce documents responsive to Requests for Production Nos. 16, 17, and 32."[334]

Request for Production No. 16 asks Counterdefendants to "[p]roduce in their native format, all emails received or sent by mrae@christyleelaw.com from September 15, 2023 to the present."[335] Request for Production No. 17 asks Counterdefendants to "[p]roduce in their native format, all emails that [Ms. Lee] and/or Plaintiff sent to and received from the following clients between September 15, 2023 and the present [list of clients]."[336] And Request for Production No. 32 asks Counterdefendants to:

> Produce all written communications – including but not limited to emails, letters, and notes from oral communication – sent or received by Ms. Lee or any employee of the firm to anyone (whether inside or outside the firm) on or after September 15, 2023 that references Ms. Rae in any capacity. This includes without limitation all emails sent or received from mrae@christyleelaw.com.[337]

> In response to these requests, Counterdefendants state:

> Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the needs of the case. Further, it seeks information that is protected from discovery by the work product doctrine and attorney-client privilege and seeks information that is proprietary and otherwise confidential.

---

[334] Docket 87 at 26.

[335] Docket 89-3 at 16-17.

[336] Docket 89-3 at 17.

[337] Docket 89-8 at 3.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 76 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 76 of 94

Furthermore, the request for documents in their "native format" is unduly burdensome.[338]

In their Motion to Compel, Defendants contend that the requested documents are relevant to "Plaintiff's claims regarding Rae's alleged solicitation of the firm's clients, her alleged communication with clients regarding their invoices and Lee's retirement, and Lee's reporting of alleged misconduct to various third parties" and to Defendants' defenses and counterclaims of "Lee's unclean hands, her dishonesty with clients, her breaches of the employment agreement, her refusal to smoothly transition clients upon Rae's departure, and her disparagement of Rae."[339]  Defendants maintain that "[a]ny communication that occurred after Rae's departure from the firm that specifically referenced her would not be considered communication for the purpose of giving legal advice to clients," and that to the extent that a particular document contains truly privileged information, "Plaintiff is required to create a privilege log that adequately identifies that information and the justification for designating it as privileged."[340]  Defendants further explain that Requests for Production Nos. 16 and 17 "are likely enveloped

---

[338] *See* Docket 89-3 at 17; Docket 89-8 at 3.  In addition to the above-quoted language, Counterdefendants' response to Request for Production No. 17 adds that "[b]ased on the stated objections, Lee is withholding responsive documents." Docket 89-3 at 17.  Counterdefendants' response to Request for Production No. 32 is worded differently than the above-quoted language but contains similar objections.  *See* Docket 89-8 at 3. The response also adds that "Ms. Rae wiped her outlook folders and deleted everything at the end of her employment, so there are no emails remaining in the mrae@christylee.com outlook folder."  Docket 89-8 at 3.

[339] Docket 87 at 26.

[340] Docket 87 at 25 & n.73.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 77 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 77 of 94

by the broader request in Request for Production No. 32."[341] Defendants also take issue with Counterdefendants' contention that Ms. Rae deleted the emails from her Outlook folder.[342]

In their response, Counterdefendants reiterate that the requested information is privileged.[343] Counterdefendants also point to the Affidavit of Christy Lee, in which she attests to the fact that Ms. Rae deleted the contents of her Outlook email folders and that all folders in Outlook are purged after one year.[344] Counterdefendants maintain that after Ms. Rae left the firm, "LOCL did not send any emails to any clients from Rae's email address. After September 15, 2023, only 3 client emails came to mrae@christyleelaw.com, of which 2 of those emails were produced. And the 3rd email was in January 2024, 4 months after Rae's exit asking about the status of the client's case."[345] Counterdefendants also point out that Request for Production No. 32 is "so broadly written that [it] would also cover all email communications Lee and LOCL have had with their retained counsel in this lawsuit."[346]

The Court directs Counterdefendants to produce documents responsive to

---

[341] Docket 87 at 25.

[342] Docket 87 at 26.

[343] Docket 96 at 27.

[344] Docket 96 at 27; Docket 101 [SEALED] at ¶ 10.

[345] Docket 96 at 27.

[346] Docket 96 at 27.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 78 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 78 of 94

Requests for Production Nos. 16 and 32, to the extent that Counterdefendants have not yet done so, except that all communication solely between Ms. Lee and her retained counsel in this matter need not be produced and need not be identified in the privilege log. The Court exercises its "broad discretion"[347] to determine that the information sought in Requests for Production Nos. 16 and 32 is relevant for purposes of discovery; it is "reasonably calculated to lead to"[348] information relevant to, for example, Defendants' counterclaims of defamation, intentional interference with prospective economic advantage, intentional interference with contract, and unfair competition.[349] The information sought is proportional because the burden of producing it does not outweigh its likely benefit given its relevance to Defendants' counterclaims.[350]

The Court recognizes that some responsive information will be subject to attorney-client privilege. But any document that references Ms. Rae must be produced. To the extent that a document contains some privileged information and some nonprivileged information, Counterdefendants must produce the document but may redact the privileged information, and state the basis for each redaction in their privilege log. The Court also notes that if electronic files were purged despite

---

[347] *Pizzuto*, 136 F.4th at 868.

[348] *Id.*

[349] *See* Docket 1-1 at ¶¶ 77-84; Docket 166 at ¶¶ 75-108.

[350] *See* Fed. R. Civ. P. 26(b)(1).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 79 of 94

Counterdefendants' obligation to preserve them,[351] Counterdefendants must so indicate.

The Court finds that Request for Production No. 17, which asks Counterdefendants to produce all emails sent between Ms. Lee/LOCL and a list of clients is overly broad, and that the relevant discovery information will be encompassed by Request for Production No. 32.

## O. Request for Production No. 18

Defendants contend that Counterdefendants should be "compelled to produce documents responsive to Request for Production No. 18."[352]

Request for Production No. 18 asks Counterdefendants to "[p]roduce in their native format, all emails or written communications between [Ms. Lee] (and/or the Plaintiff) and Joe Frelin or Last Frontier Communications between September 15, 2023 and the present."[353]

In response to this request, Counterdefendants state:

Objection. This request seeks production of information that constitutes attorney work product and is protected from discovery and potentially seeks information protected from discovery by the attorney-client privilege. This request is overly broad to the extent that it is not limited in scope to the issues involving the claims against Rae. Furthermore, the request for documents in their "native format" is unduly burdensome. Additionally, to the extent that this seeks

---

[351] *See* Fed. R. Civ. P. 37(e) (describing the duty to preserve electronically stored information in anticipation of litigation).

[352] Docket 87 at 28.

[353] Docket 89-3 at 17-18.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 80 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 80 of 94

disclosure of the opinions of retained expert witnesses, it is premature. Based on the stated objections, Lee is withholding responsive documents.[354]

In their Motion to Compel, Defendants maintain that they are entitled to this information because "Plaintiff repeatedly cite to Mr. Frelin's actions, analyses, and 'forensic investigations' in its First Amended Complaint."[355] And Defendants quote Federal Rule 26(b)(4)(C), which "excepts from protection communications relating to compensation, identifying 'facts of [sic] data that the party's attorney provided and that the exert [sic] considered in forming the opinions to be expressed,' and identifying 'assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.'"[356]

Counterdefendants respond that "LOCL will produce an expert report from Mr. Frelin at the appropriate time in this litigation, and will produce any discoverable written communications between Mr. Frelin and LOCL at that time."[357]

Given Counterdefendants' stated intention to produce an expert report written by Mr. Frelin, the Court denies Defendants' Motion to Compel with respect to Request for Production No. 18 at this time. Information responsive to this

---

[354] Docket 89-3 at 18.

[355] Docket 87 at 27 (citing Docket 1-1 at ¶¶ 18, 22, 26, 28-31).

[356] Docket 87 at 27.

[357] Docket 96 at 28.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 81 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 81 of 94

request will be discoverable during the expert discovery phase, at which point Counterdefendants will be required to disclose "facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed," and "assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed."[358]

## P. Request for Production No. 27

Defendants contend that Counterdefendants should be "compelled to produce the emails in response to Request for Production No. 27."[359]

Request for Production No. 27 asks Counterdefendants to "[p]roduce the emails [they] sent to Marc Enzi, Lynda Limon, and R.C. in 2021 notifying them that [they] were no longer representing R.C."[360]

In response to this request, Counterdefendants state:

> Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence and it seeks information that is protected from discovery by the attorney-client privilege. Notwithstanding these objections, and without waiving them, Lee will produce an email she sent to Lynda Limon regarding representation of R.C. in her divorce proceedings and Marc Enzi regarding representation of R.C. in her tax issues. Based on the stated objections, other responsive documents are not being produced.[361]

---

[358] Fed. R. Civ. P. 26(b)(4)(C).

[359] Docket 87 at 28.

[360] Docket 89-3 at 22.

[361] Docket 89-3 at 22-23.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 82 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 82 of 94

In their Motion to Compel, Defendants maintain that this information is relevant to their "counterclaims regarding Lee's dishonesty and unprofessional behavior, particularly as it related to an incident in 2021 where Lee abruptly withdrew as counsel for a client 'because the client allegedly flirted with Ms. Lee's new boyfriend.'"[362]

Counterdefendants reply that these emails "have no bearing on any viable legal issue in this case" and that Defendants seek inadmissible character evidence.[363] Counterdefendants further maintain that because this client is now Ms. Rae's client, "[i]f there are any such emails that exist somewhere, Rae can request them from her own client."[364]

The Court directs Counterdefendants to produce documents responsive to Request for Production No. 27, to the extent that they have not yet been produced. The Court exercises its "broad discretion"[365] to determine that the information sought in Request for Production No. 27 is relevant for purposes of discovery; it is "reasonably calculated to lead to"[366] information relevant to Defendants' counterclaims of, for example, a hostile work environment leading to wrongful termination/constructive discharge and breach of the covenant of good faith and

---

[362] Docket 87 at 28 (quoting Docket 41 at ¶ 14).

[363] Docket 96 at 29.

[364] Docket 96 at 29.

[365] *Pizzuto*, 136 F.4th at 868.

[366] *Id.*

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 83 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 83 of 94

fair dealing.[367] The fact that information might be inadmissible at trial does not bar discovery of that information.[368] The information sought is proportional because the burden of producing it does not outweigh its likely benefit given its relevance to Defendants' counterclaims.[369]

The Court recognizes that some responsive information might be subject to attorney-client privilege. Counterdefendants are directed to produce responsive information along with a privilege log that identifies each document that is being withheld and on what basis.[370] To the extent that a document contains some privileged information and some nonprivileged information, Counterdefendants must produce the document but may redact the privileged information, and state the basis for each redaction in their privilege log.

### 3. Attorneys' Fees

In their opposition to Defendants' Motion to Compel, Counterdefendants maintain that "LOCL should be awarded its attorneys' fees for having to oppose this motion."[371] The Court does not construe this request as a motion for attorneys'

---

[367] *See* Docket 166 at ¶¶ 32-46, 51-59.

[368] *See* Fed. R. Civ. P. 26(b) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

[369] *See* Fed. R. Civ. P. 26(b)(1).

[370] *See* Fed R. Civ. P. 26(b)(5)(A).

[371] Docket 96 (citing Fed. R. Civ. P. 37(a)(5)(B)).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 84 of 94

fees given that it is presented in Counterdefendants' opposition to Defendants' motion.[372]

The Court notes that because it here grants Defendants' Motion to Compel in large part and denies it in part, the Court may, "after giving an opportunity to be heard, apportion the reasonable expenses for the motion" upon separate motion filed by Defendants.[373]

## II. Counterdefendants' Motion for Entry of Protective Order to Stay Discovery is Denied as Moot.

Counterdefendants move for a protective order staying all further discovery by Ms. Rae pending a decision on their Motion to Dismiss Defendants' Second Amended Counterclaim.[374] The Court denies Counterdefendants' Motion for Entry of Protective Order to Stay Discovery as moot, given that the Court has since issued a decision on Counterdefendants' motion to dismiss, granting it in part and denying it in part.[375]

## III. Defendants' Motion for ESI Order is Granted.

---

[372] *See Phoenix Leasing Inc. v. Sure Broad., Inc.*, 843 F. Supp. 1379, 1387 (D. Nev. 1994), *aff'd,* 89 F.3d 846 (9th Cir. 1996) ("An opposition to another party's motion is not the proper place to raise one's own motions."); D. Alaska L. Civ. R. 7.1(e) ("[E]ach motion must be filed separately.").

[373] Fed. R. Civ. P. 37(a)(5)(C).

[374] Docket 103 at 2.

[375] Docket 158.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 85 of 94

Defendants move the Court to enter an ESI Order "to accomplish the search for relevant discovery from [Ms. Lee's] electronic devices and the email system for [LOCL]."[376]    Defendants point to the Rule 26(f) Report in which the parties previously agreed that entry of an ESI protocol was necessary.[377]    Defendants maintain that they have clearly articulated the relevance and importance of the electronic communications that Ms. Lee and LOCL had with clients about Ms. Rae; Defendants allege in their affirmative defenses and counterclaims that when Ms. Rae advised Ms. Lee of her departure from the firm on September 15, 2023, Ms. Lee and LOCL subsequently disparaged and defamed Ms. Rae to clients, interfering with her prospective business opportunities.[378]    Therefore, "[w]hat Lee said to clients about Rae's departure is critical to this litigation and must be produced in discovery."[379]    Defendants ask the Court to enter the proposed ESI Order that accompanies their motion.[380]

Counterdefendants oppose the entry of an ESI protocol.  They assert that "[Ms. Rae] does not really explain in any cogent way . . . why exactly such discovery would lead to the discovery of admissible evidence."[381]    According to

---

[376] Docket 88 at 1-2.

[377] Docket 88 at 2 (citing Docket 26 at 4-5).

[378] Docket 88 at 3.

[379] Docket 88 at 3.

[380] Docket 88 at 4.

[381] Docket 104 at 2.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 86 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 86 of 94

Counterdefendants, requiring an ESI protocol is "disproportional to the needs of discovery in this case and would impose a significant burden on LOCL."[382] They maintain that "locating emails . . . is not as simple as [Ms. Rae] suggests" and "would require manual searches of client files" because Ms. Rae "deleted the contents of her outlook email folders . . . before leaving employment" and "[a]ll folders in Outlook, including, but not limited to, inbox, sent, outgoing, deleted, archived, trash, etc. are purged after 1 year, so if any emails were still in Ms. Rae's outlook, all those emails have been purged by the system."[383] Moreover, Counterdefendants maintain that their recent migration of data from Time Matters to CLIO caused them to lose all identifying labels and dates in client files, making the ESI sought even more difficult to access.[384] Counterdefendants also cite to two unpublished cases from the District of Minnesota in which the court found that ESI discovery as proposed was unduly burdensome.[385] Counterdefendants reiterate the argument made in their motion for protective order that "all further discovery in this matter by Rae should be stayed pending the Court's decision on the pending motion to dismiss the counterclaims,"[386] and note further that "virtually

---

[382] Docket 104 at 2.

[383] Docket 104 at 2, 4; Docket 101 [SEALED] at ¶ 10.

[384] Docket 104 at 7.

[385] Docket 104 at 8-10 (first citing *Beseke v. Equifax Info. Servs., LLC*, Case No. 17-CV-4971-DWF-KMM, 2018 WL 6040016, at *4-5 (D. Minn. Oct. 18, 2018); and then citing *Kutz v. NGI Cap., Inc.*, Case No. 22-CV-1623 (NEB/ECW), 2023 WL 3790766, at *21 (D. Minn. June 2, 2023)).

[386] This argument is addressed above. *See* discussion *supra* Section I.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 87 of 94

all of the discovery sought by Rae [is] protected from discovery by the attorney-client privilege."[387]  And Counterdefendants state that "the request for ESI would not reveal anything that Ms. Rae does not already know or have."[388]

In their reply, Defendants distinguish the two cases cited by Counterdefendants, noting that in both, the court did not deny all ESI discovery but instead directed certain limits to be placed on it.[389]  Defendants also take issue with Counterdefendants' blanket assertions of attorney-client privilege.[390]  And Defendants maintain that "LOCL cannot avoid its discovery obligations because it had an unsuccessful migration of its practice management software that caused searching their files to be more difficult," and note that if indeed "LOCL has taken no steps to preserve that ESI and instead stood watch day after day as their email system deleted critical evidence so that it would be unavailable to Defendants," spoliation might be an issue.[391]

The Court grants Defendants' Motion for ESI Order.  The Court exercises its "broad discretion"[392] to determine that the ESI Defendants seek is relevant for

---

[387] Docket 104 at 3.

[388] Docket 101 [SEALED] at ¶ 5.

[389] Docket 113 at 4-5 (first citing *Beseke*, 2018 WL 6040016, at *4-5; and then citing *Kutz v. NGI Cap., Inc.*, 2023 WL 3790766, at *21).

[390] Docket 113 at 5-6.

[391] Docket 113 at 8.

[392] *Pizzuto*, 136 F.4th at 868.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 88 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 88 of 94

purposes of discovery; it is "reasonably calculated to lead to"[393] information relevant to their affirmative defenses and counterclaims. As Defendants explain, electronic communications between LOCL and Ms. Lee and clients about Ms. Rae are relevant, particularly with respect to Defendants' counterclaims of defamation, intentional interference with prospective economic advantage, intentional interference with contract, and violations of the Alaska Unfair Trade Practices Act.[394] Indeed, the parties previously agreed that some production of ESI was proportional to the needs of the case.[395] Contrary to the assertions made by Counterdefendants,[396] this order is limited to the search of electronic files. If those electronic files were purged despite Counterdefendants' obligation to preserve them,[397] Counterdefendants must so indicate.[398]

The two District of Minnesota cases cited by Counterdefendants are distinguishable. In *Beseke v. Equifax Information Services, LLC*, the court found that "the full production of the documents sought . . . would be unduly burdensome

---

[393] *Id.*

[394] *See* Docket 166 at ¶¶ 75-108.

[395] Docket 26 at 4-5.

[396] *See* Docket 2, 4 (describing the "manual searches of client files" needed to comply with an ESI Order).

[397] *See* Fed. R. Civ. P. 37(e) (describing the duty to preserve electronically stored information in anticipation of litigation).

[398] The Court notes that it is unclear from Counterdefendants' briefing whether *all* Outlook email folders have been deleted, or just those of Ms. Rae. *See* Docket 101 [SEALED] at ¶ 10 (declaring that "if any emails were still in Ms. Rae's outlook, all those emails have been purged by the system").

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 89 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 89 of 94

and disproportionate to the needs of the case" and therefore reduced the discovery window to a narrower period of time.[399]  Likewise, in *Kutz v. NGI Capital, Inc.*, the court found that "by temporally limiting the [ESI] sought to responsive documents within a 2-week time frame before and after the Major Events, the discovery sought is proportionate to the needs of the case."[400]  The cases do not support Counterdefendants' complete rejection of an ESI protocol, but rather stand for the proposition that an ESI protocol should contain reasonable temporal limitations; the ESI protocol to be entered forthwith does indeed contain such reasonable temporal limitations.

The Court notes that Counterdefendants' decision to implement a more burdensome data management system does not excuse them from being subject to an ESI protocol, and indeed the heightened cost of retrieval may fall on Counterdefendants.  As the court in *Beseke v. Equifax Information Services, LLC* stated, "permitting a defendant whose business generates massive records to frustrate discovery by creating an inadequate filing system, and then claiming undue burden, would defeat the purposes of the discovery rules."[401]  Moreover,

---

[399] 2018 WL 6040016, at *4-5.

[400] 2023 WL 3790766, at *21 (citation omitted).

[401] 2018 WL 6040016, at *4 (internal quotation marks omitted) (quoting *Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73, 76 (D. Mass. 1976)); *see also United States v. ACB Sales & Serv., Inc.*, 95 F.R.D. 316, 318 (D. Ariz. 1982) ("In the first place, a business which generates millions of files cannot frustrate discovery by creating an inadequate filing system so that individual files cannot readily be located.")

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 90 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 90 of 94

the Court does not agree with Counterdefendants that they can assert a blanket assertion of privilege to prevent entry of an ESI order,[402] nor does the Court agree that "the request for ESI would not reveal anything that Ms. Rae does not already know or have,"[403] particularly given that she requests electronic communications from after her departure from LOCL.[404]

## CONCLUSION

Based on the foregoing, IT IS ORDERED:

1. Defendants' Motion to Compel at Docket 87 is **GRANTED IN PART and DENIED IN PART** as follows: To the extent that Counterdefendants make blanket objections to discovery on the basis of attorney-client privilege, they are not entitled to do so. With respect to any document withheld on the basis of privilege, Counterdefendants are directed to produce a privilege log that identifies each withheld document and the basis for it being withheld. To the extent that a document contains some privileged information and some nonprivileged information, Counterdefendants must produce the document but may redact the

---

[402] *See United States v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002) ("Blanket assertions [of privilege] are 'extremely disfavored.'" (quoting *Clarke v. Am. Commerce Nat'l Bank,* 974 F.2d 127, 129 (9th Cir. 1992)).

[403] Docket 101 [SEALED] at ¶ 5.

[404] *Compare* Docket 1-1 at ¶ 20 (stating that Ms. Rae was terminated on September 18, 2023), *with* Docket 88-1 (requesting ESI "[f]or the time period of September 15, 2023 to present").

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 91 of 94

privileged information, and state the basis for each redaction in their

privilege log.  With respect to specific discovery requests—

    a. The Court directs Counterdefendants to respond to Interrogatories Nos. 9 and 10.

    b. The Court finds that Counterdefendants' response to Request for Production No. 30 was sufficient.

    c. The Court directs Counterdefendants to produce complete, unredacted phone bills responsive to Requests for Production Nos. 19 and 20.

    d. The Court directs Counterdefendants to produce the invoices responsive to Requests for Production Nos. 3, 4, and 33, redacted only to the extent needed to protect information about legal advice. The Court directs Counterdefendants to produce the Tiered Client List for the requested time period in response to Request for Production No. 5, redacted only to the extent needed to protect information about legal advice.

    e. The Court directs Counterdefendants to produce the client file and trust accounting for client J.P.F. in response to Requests for Production Nos. 34 and 35.  To the extent that Counterdefendants withhold documents from production on the basis of privilege, they are directed to produce a privilege log that identifies each document that is being withheld and on what basis. To the extent that a document contains some privileged information and some nonprivileged information, Counterdefendants must produce the document but may redact the privileged information, and state the basis for the redaction in their privilege log.

    f. The Court directs Counterdefendants to produce the Outlook calendars requested in Requests for Production Nos. 14 and 15, to the extent that responsive documents exist and redacted only to the extent needed to protect information about legal advice.

    g. In response to Requests for Production Nos. 7, 9, 11, and 12, the Court directs Counterdefendants to produce the original, unedited version of the Time Matters Audit, redacted only to the extent needed to protect information about legal advice.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 92 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 92 of 94

h. The Court directs Counterdefendants to supplement their response to Interrogatory No. 3.

i. The Court directs Counterdefendants to respond to Interrogatory No. 5 and to produce documents responsive to Request for Production No. 6. To the extent that Counterdefendants withhold documents on the basis of privilege, they are directed to provide a privilege log that identifies each document that is being withheld and on what basis.

j. The Court directs Counterdefendants to respond to Interrogatory No. 6, but limited to the five-year period during which Ms. Rae worked at LOCL.

k. The Court directs Counterdefendants to produce the Office Policy in its native format with all original metadata in response to Request for Production No. 1, to the extent that Counterdefendants have this document in their possession.

l. The Court directs Counterdefendants to respond to Interrogatory No. 11, but limited to the five-year period during which Ms. Rae worked at LOCL.

m. The Court directs Counterdefendants to produce documents responsive to Requests for Production Nos. 23, 24, and 25, to the extent that responsive documents exist. The Court also directs Counterdefendants to reproduce the previously produced credit card statements without redactions.

n. The Court directs Counterdefendants to produce documents responsive to Requests for Production Nos. 16 and 32, except that all communication solely between Ms. Lee and her retained counsel in this matter need not be produced and need not be identified in the privilege log. To the extent that Counterdefendants withhold documents on the basis of privilege, they are directed to provide a privilege log that identifies each document that is being withheld and on what basis. To the extent that a document contains some privileged information and some nonprivileged information, Counterdefendants must produce the document but may redact the privileged information, and state the basis for each redaction in their privilege log. The Court finds that Request for Production No. 17 is overly broad and need not be responded to.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 93 of 94

Case 3:24-cv-00176-SLG     Document 183     Filed 06/26/25     Page 93 of 94

o. The Court denies without prejudice Defendants' Motion to Compel with respect to Request for Production No. 18.

p. The Court directs Counterdefendants to produce documents responsive to Request for Production No. 27. To the extent that Counterdefendants withhold documents on the basis of privilege, they are directed to provide a privilege log that identifies each document that is being withheld and on what basis. To the extent that a document contains some privileged information and some nonprivileged information, Counterdefendants must produce the document but may redact the privileged information, and state the basis for each redaction in their privilege log.

The Court directs Counterdefendants to comply with these directives by **July 25, 2025.**

2. Counterdefendants' Motion for Protective Order at Docket 103 is

   **DENIED AS MOOT.**

3. Defendants' Motion for ESI Order at Docket 88 is **GRANTED.** The Court

   will enter a separate Order Regarding Protocol for Electronically Stored

   Information forthwith.

DATED this 26th day of June, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order
Page 94 of 94

Case 3:24-cv-00176-SLG    Document 183    Filed 06/26/25    Page 94 of 94