Steven M. Wells
Steven M. Wells, P.C.
431 W. 7th Ave.
Suite 107
Anchorage, AK 99501
(907)279-3557
(907)279-3558 fax
steve@stevenmwellslaw.com

Intervenor

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| LAW OFFICES OF CHRISTY LEE, P.C., <br><br> Plaintiff, <br><br> v. <br><br> MEGHAN RAE AND MANIFEST LEGAL, LLC <br><br> Defendants. | Case No. 3:24-cv-176-SLG <br><br><br> MOTION TO INTERVENE TO ASSERT RIGHT TO CLIENT CONFIDENTIALITY |
| MEGHAN RAE, <br><br> Counter-Plaintiff, <br><br> v. <br><br> LAW OFFICES OF CHRISTY LEE, P.C. AND CHRISTINA LEE, <br><br> Counter-Defendants. | |

Comes now Steven M. Wells (hereinafter "Movant"), a non-party to the above-referenced matter, and respectfully moves this court for leave to intervene in this action for the limited purpose of asserting and protecting Movant's right to attorney-client privilege and confidentiality with respect to billing records held by Law Offices of Christy Lee, P.C., a party to this motion. Mr. Wells makes this motion under Federal Rule of Civil Procedure 24(a)(2), which allows intervention for an intervenor to protect its interest in property or a transaction at issue in the litigation.

1. INTRODUCTION

1.1 Movant is a client of Law Offices of Christy Lee, P.C., one of the parties in this matter;

1.2 Ms. Christina Lee has been Movant's attorney since approximately 2010;

1.3 While work on Movant's case has been handled by other persons in the office, such work was overseen and performed under the supervision of Ms. Lee;

1.4 As such, Movant views Ms. Lee, and only Ms. Lee, as his attorney, and he does not have, nor has he ever had, any intention of seeking other representation regarding tax, business, and financial matters;

1.5 Movant recently saw this case on the court docket while he was reviewing the calendar to determine the courtroom for a hearing Movant had to attend in his own practice;

1.6 After seeing this case, Movant reviewed the docket via PACER and contacted Ms. Lee, who informed him that because Ms. Rae had worked upon his case during her

employment at Law Offices of Christy Lee, P.C., Movant's file, including billing records, might be at issue in this case;

1.7 Movant requested that Ms. Lee advise if any portion of his file, including billing records, be the subject of disclosure;

1.8 On approximately July 15, 2025, Ms. Lee informed Movant that this court had ordered production of at least Movant's billing records to the defendants;

1.9 Movant informed Ms. Lee he would be filing to intervene to object to the production of privileged documents because the billing records contain descriptions of legal issues, analysis, strategic and tactical decisions, and other information he believes are covered by attorney-client privilege and an attorney's duty of confidentiality under the Alaska Rules of Professional Conduct;

1.10 Movant spoke with Mr. Phil Shanahan, Bar Counsel for the Alaska Bar Association, regarding Movant's rights and privileges under Alaska Rules for Professional Conduct;

1.11 In that conversation, Mr. Shanahan indicated that, based upon Movant's assertions regarding services provided by Law Offices of Christy Lee, P.C., Movant's assertions of the attorney-client privilege and of the lawyer's duty of confidentiality were not frivolous;

1.12 Ms. Lee did not solicit this intervention and objection in any way.

2. BASIS FOR INTERVENTION

2.1 ATTORNEY-CLIENT COMMUNICATIONS

Federal Rule of Civil Procedure 24(a)(2) allows intervention for a party to "claim[]  an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." The property at issue are the billing records of Law Offices of Christy Lee, P.C., related to legal work done on behalf of the firm for Movant Steven M. Wells.

Movant expressly asserts and does not waive the attorney-client privilege as well as the duty of his counsel to maintain his confidences and secrets pursuant to Rule 1.6(a) of the Alaska Rules of Professional Conduct. If these records are produced as currently ordered, Movant's assertions of these rights could potentially be waived and harm could come to Movant based upon the disclosure of those records over his objection. The existing parties' interest in this litigation relate to their own claims and they do not represent Movant's interest.[1]

Movant recognizes that this court has already deemed that the requested billing records are not covered by attorney-client privilege and are thus subject to disclosure. Movant makes no opinion regarding the application of the attorney-client privilege or Rule 1.6(a) to other clients of Law Offices of Christy Lee, P.E., but for reasons set forth in this motion, Movant would urge this court to reconsider its ruling as pertains to him. Put

---

[1] See *Berger v. North Carolina State Conference of the NAACP*, 597 U.S. 179 (2022); *Arakaki v. Cayetano*, 324 F.3d 1078, as amended, cert. denied 540 U.S. 1017 (2003)(holding that to intervene of right, movant must: 1) file a timely motion; 2) have a significantly protectable interest in the action; 3) demonstrate that movant's ability to protect that interest may be impaired by disposition of the action; and 4) show the interest is not adequately protected by the existing parties).

another way, Movant makes an "as applied" challenge, not a "facial" challenge, to the court's ruling about attorney-client privilege.

Movant recognizes that, as a general rule in the Ninth Circuit, general billing records or statements may not be privileged if they do not reveal specific research or litigation strategy.[2] Billing records, though, "are subject to the [attorney-client] privilege to the extent that they represent 'correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided.'"[3] Further, the Ninth Circuit, in a tax case, has held that subpoenas seeking attorney-billing records "describing the services performed by the attorneys, retainer agreements, contracts, letters of agreement, and related correspondence" were "an unjustified intrusion into the attorney-client relationship."[4]

Movant would state for the record that the invoices he has received from Law Offices of Christy Lee, P.C., do describe his own issues and discuss strategy, advice, and options related to not just tax matters but other business and financial matters as well, certainly matters Movant does not wish to be provided to anyone other than his own counsel. To the extent that Defendant Rae argues that she is entitled to those records because she worked on Movant's legal matters while employed at Law Offices of Christy Lee, P.C., Movant would respond with several arguments.

---

[2] *Clarke v. American Commerce Nat. Bank*, 974 F.2d 127 (9th Cir. 1992).
[3] *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999)(quoting *Clarke, supra* note 2).
[4] *In re Grand Jury Witness*, 695 F.2d 359 (9th Cir. 1982). See also *Dole v. Milonas*, 889 F.2d 885 (9th Cirt. 1989)(holding that identity of clients is not covered by attorney-client privilege but that documents describing the "nature and extent" of an attorney's services would necessarily include confidential client communications).

First, it was Plaintiff Law Offices of Christy Lee, P.C., not defendant Rae, that drafted the invoices. Second, Defendant Rae's work was limited to largely gathering information from Movant to complete various tax returns and IRS forms. Overall strategy, tactics, and decision-making was handled by telephone and electronic communication between Movant and Ms. Lee, not Ms. Rae. There were a variety of issues raised between Movant and Ms. Lee even during the time that Ms. Rae was assisting in finishing various tax documents.

Lastly, Movant has continued to employ Law Offices of Christy Lee, P.C., even after Ms. Rae's departure. This is not an accident. Law Offices of Christy Lee, P.C., has been Movant's counsel for over a decade and Movant does not wish to retain new counsel. Movant is an experienced trial counsel. Clients have fired Movant to hire another attorney. Clients have hired Movant to replace their attorney. If Movant wanted to seek different counsel, he is more than adequately aware of his rights to his choice of counsel. Movant did not change attorneys because he did not wish to do so. Thus any records of any kind, including billing records, that relate to work performed by Law Offices of Christy Lee, P.C., after Defendant Rae's departure are irrelevant.

2.2 Attorney's Lee's Ethical Duty to Maintain Client Secrets

The attorney-client privilege is, ultimately, just an evidentiary rule. There is another, broader, and even more fundamental reason why these records should not be released and

that is an attorney's duty of confidentiality as encapsulated in the Alaska Rules of Professional Conduct, specifically Rule 1.6(a).[5]

Rule 1.6(a) prohibits an attorney from revealing a client's "confidence or secret". The rule defines "confidence" to mean "information protected by the attorney-client privilege" while "secret" means "other information gained in the professional relationship if the client has requested it be held confidential or if it is reasonably foreseeable that disclosure of the information would be embarrassing or detrimental to the client." While "confidence" is co-terminous with attorney-client privileged information, "secret" extends far beyond that. And based upon the invoices for services from Law Offices of Christy Lee, P.C., Movant would note that the descriptions of services would legitimately be considered a "secret" under the Alaska Rules of Professional Conduct if not covered by attorney-client privilege.

Alaska Bar Association Ethics Opinion 99-1 addresses a very similar issue.[6] Opinion 99-1 addressed "the ethical issues implicated when an attorney, who has been retained by an insurer to defend its insured, is asked by the insurer to send detailed billing records describing the legal services provided on behalf of the insured to an independent auditor hired by the insurer to review defense counsel billing." The Committee started with the assumption that billing records contain confidences and secrets. Based upon that assumption, the Committee concluded such disclosure can be a waiver of attorney-client

---

[5] The Alaska Rules of Professional Conduct apply to attorneys admitted in the District of Alaska. District of Alaska, Local Civil Rule 83.1(h).
[6] As noted above, Movant spoke with Mr. Phil Shanahan, Bar Counsel, regarding this issue and Mr. Shanahan raised this particular ethics opinion as being applicable to this instance because of its analysis of how the Alaska Rules of Professional Conduct protect even billing records since they contain confidences and secrets.

privilege and the protection it provides.[7] Since disclosure can be a waiver of attorney-client privilege and its protections, the Alaska Bar Association prohibits the attorney to make such disclosures without the consent of the insured, i.e., the client.

In this instance, Movant is the client. Movant's retention of Law Offices of Christy Lee, P.C., is designed to address a variety of tax, financial, and business issues going beyond merely reviewing Movant's bank records and filing IRS forms. Movant is not going to describe them in a pleading before this court and Movant is rather cautious about disclosing such issues even *ex parte* because Movant's legal practice involves extensive proceedings before this court and Movant does not want to disclose information that might be "embarrassing or detrimental". Movant, relying upon the confidentiality between Alaska attorneys and conversations with bar counsel, discussed those issues in broad terms with Mr. Shanahan, who agreed that Movant's assertions of the attorney-client privilege and the protections of client secrets under Rule 1.6(a) are not frivolous but are well-founded.

3. CONCLUSION

This court should allow Movant to intervene to assert his rights to attorney-client privilege and the confidentiality of his "confidences and secrets" as defined in Rule 1.6(a) of the Alaska Rules of Professional Conduct. This court should further find that the records of Law Offices of Christy Lee, P.C., related to Movant are covered by the attorney-client

---

[7] The Committee noted this issue had not been decided in Alaska courts and was an open question in other jurisdictions.

privilege and the protections of Rule 1.6(a) and thus exempt records related to Movant be exempt from any disclosure order.

DATED this 21st day of July, 2025, at Anchorage, Alaska.

By: /s/ Steven M. Wells .
Steven M. Wells
ABA #0010066

CERTIFICATE OF SERVICE

I certify that on July 21, 2025,
I served a copy of the Motion
To Intervene via CM/ECF
On:

All parties of record

/s/ Steven M. Wells .
Steven M. Wells, PC