IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAW OFFICES OF CHRISTY LEE, P.C.,<br><br>   Plaintiff,<br><br>   v.<br><br>MEGHAN RAE, *et al.*,<br><br>   Defendants.<br><br>MEGHAN RAE, *et al.*,<br><br>   Counterclaimants,<br><br>   v.<br><br>CHRISTINA LEE, *et al*.,<br><br>   Counterdefendants. | Case No. 3:24-cv-00176-SLG |

### **ORDER ON MOTION TO MODIFY DATE RANGE IN ESI ORDER & RFPS**

Before the Court at Docket 190 is a Motion to Modify Date Range in ESI Order & RFPs Due to New Evidence of Continued Disparagement filed by Defendants Meghan Rae and Manifest Legal, LLLC (collectively, "Defendants"). Counterdefendants Law Offices of Christy Lee, P.C. ("LOCL") and Christy Lee, individually (collectively, "Counterdefendants") oppose this motion at Docket 195. Defendants replied at Docket 198. For the reasons set forth below, the Motion to Modify Date Range in ESI Order & RFPs is GRANTED.

The Court assumes the readers' familiarity with its prior decisions, as well as the factual and procedural background they provide. That background, as directly relevant to this motion, is as follows:

On June 26, 2025, the Court granted in part and denied in part Defendants' Motion to Compel, and granted Defendants' Motion for ESI Order.[1] As part of that order, the Court directed Counterdefendants to produce documents responsive to Requests for Production ("RFPs") Nos. 16 and 32.[2] RFP No. 16 asks Counterdefendants to produce "all emails received or sent by mrae@christyleelaw.com from September 15, 2023 to the present."[3] And RFP No. 32 asks Counterdefendants to "[p]roduce all written communications . . . sent or received by Ms. Lee or any employee of the firm to anyone (whether inside or outside the firm) on or after September 15, 2023 that references Ms. Rae in any capacity. This includes without limitation all emails sent or received from mrae@christyleelaw.com."[4]

"[T]o ensure that [LOCL] and Lee have found, identified, and produced all relevant and responsive ESI in addition to satisfying traditional discovery obligations," the Court simultaneously entered an Order Regarding Protocol for

---

[1] Docket 183.

[2] Docket 183 at 78-79.

[3] Docket 89-3 at 16-17.

[4] Docket 89-8 at 3.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Modify Date Range in ESI Order & RFPs
Page 2 of 13
Case 3:24-cv-00176-SLG   Document 204   Filed 07/24/25   Page 2 of 13

Electronically Stored Information ("ESI Order").[5] In the ESI Order, the Court directed Counterdefendants to search their electronic files for particular terms for the time period between September 15, 2023 and April 15, 2024.[6] The Court indicated that it had "modifie[d] this time frame from the time frame proposed by Defendants,[7] finding a search through April 15, 2024 to be proportionate to the needs of the case given that any relevant correspondence between Counterdefendants and LOCL's clients is likely to have taken place immediately after Ms. Rae's September 18, 2023 departure from LOCL and before Tax Day," but noted that "[t]he Court's entry of this date does not preclude Ms. Rae from seeking a revision or extension of this date."[8] The ESI Order also provided that "if a showing is made by either party that the search period needs to be expanded to search for additional documents, the parties shall meet and confer in good faith before taking the issue to the Court."[9]

On July 3, 2025, Defendants filed a Motion to Modify Date Range in ESI Order & RFPs Due to New Evidence of Continued Disparagement, requesting that the Court modify the ESI search period to "include communications through the present (i.e., July 2, 2025)," and to revise its order with respect to RFPs Nos. 16 and 32 to

---

[5] Docket 184 at ¶ 1.

[6] Docket 184 at ¶ 2.

[7] The time frame proposed by Defendants was "September 15, 2023 to present." Docket 88-1 at 2.

[8] Docket 184 at 2 n.4.

[9] Docket 184 at ¶ 4.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Modify Date Range in ESI Order & RFPs
Page 3 of 13
Case 3:24-cv-00176-SLG    Document 204    Filed 07/24/25    Page 3 of 13

clarify that it encompassed the same modified time frame.[10] In their reply, Defendants clarify that their motion "mistakenly asked for an end date of July 2, 2025 for RFP 32"; instead, they assert that RFP No. 32 requires the production of communications to continue "throughout the end of this case," and should remain unaltered.[11] Counterdefendants responded in opposition on July 11, 2025,[12] to which Defendants replied on July 14, 2025.[13]

In their motion, Defendants contend that modification of the date range is necessary because "[o]n July 1, 2025, Rae received notice of six (6) bar complaints filed against her over the past three months, all of which came from clients of [LOCL] (one of which includes Lee's [husband[14]])."[15] Defendants attach a Declaration of Meghan Rae that states that "[t]hese six new bar grievances are similar to a

---

[10] Docket 190 at 3-4.

[11] Docket 198 at 2-3 & n.4. Defendants are inconsistent with regard to whether this assertion of an ongoing obligation applies to both RFP No. 16 and RFP No. 32. *Compare* Docket 198 at 3 n.4, *with* Docket 198-1 at 2 (Revised Proposed Order stating that "[d]ocuments ordered to be produced in response to Defendants' Requests for Production Nos. 16 and 32 shall encompass all communication on or after September 15, 2023"). Given the language in the RFPs themselves, the Court understands Defendants' request for an ongoing obligation to apply to RFP No. 32 only. *Compare* Docket 89-3 at 16-17 (RFP No. 16 asking Counterdefendants to produce "all emails . . . from September 15, 2023 *to the present*" (emphasis added)), *with* Docket 89-8 at 3 (RFP No. 32 asking Counterdefendants to "[p]roduce all written communications . . . on *or after* September 15, 2023" (emphasis added)).

[12] Docket 195. Also on July 11, Counterdefendants moved to file several exhibits to their opposition under seal. Docket 197. The Court has reviewed those exhibits and will address that motion in due course when it is ripe.

[13] Docket 198.

[14] Defendants' motion incorrectly refers to him as Ms. Lee's "boyfriend." *See* Docket 190 at 2; Docket 195 at 7.

[15] Docket 190 at 2.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Modify Date Range in ESI Order & RFPs
Page 4 of 13
Case 3:24-cv-00176-SLG   Document 204   Filed 07/24/25   Page 4 of 13

complaint filed against [Ms. Rae] by a[n LOCL] client in April 2025 with the Hawaii Office of Disciplinary Counsel."[16] Defendants maintain that because "[t]he focus of the ESI parameters is to capture communications Lee and her office had with clients about Rae after her departure from the firm—communications that likely disparaged Rae . . . [t]he ESI search period must be expanded . . . to capture this continuing course of conduct and preserve evidence relevant to Defendants' counterclaims for defamation, intentional interference with economic advantage, and unfair trade practices."[17] Defendants request that the Court likewise "modify its Order on Defendants' Motion to Compel as to RFP[] 16 . . . to encompass the time period of September 15, 2023 to July 2, 2025" and "clarify that there is a continuing duty to produce all LOCL or Lee communications about Ms. Rae under RFP 32 throughout the end of this case."[18] Defendants contend that they "attempted to meet and confer in good faith with Plaintiff and Lee before seeking the Court's intervention on this issue," citing an appended email exchange between Plaintiff LOCL's counsel and Defendants' counsel.[19]

Counterdefendants oppose this motion. They contend that "[f]irst, Rae is presenting herself as blameless when in reality it was her conduct that led to the

---

[16] Docket 190-1 at ¶ 3.

[17] Docket 190 at 2-3.

[18] Docket 190 at 4; Docket 198 at 2-3.

[19] Docket 190 at 3 (citing Docket 191-1 at 4).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Modify Date Range in ESI Order & RFPs
Page 5 of 13

alleged bar complaints."[20] Counterdefendants dedicate much of their opposition to denigrating Ms. Rae for purportedly false testimony and for taking client documents—issues that have little to do with the pending motion.[21] Counterdefendants assert that "[i]mportantly, what is getting lost in the misdirection created by the various motions filed by defendants is the fact that Meghan Rae has admitted that she took thousands of pages of documents from various LOCL's client files without authorization," and that "Rae's current motion is premised on her allegation that LOCL or Lee has 'disparaged' her by virtue of telling its clients that she took their documents," but "[t]ruth is an absolute defense to a claim for 'disparagement.'"[22] Counterdefendants emphasize that "[c]lients have a right to

---

[20] Docket 195 at 2.

[21] *See* Docket 195 at 3-7, 9-11, 15.

[22] Docket 195 at 3, 6. Counterdefendants maintain that Alaska Ethics Opinion 2005-2 prohibited Ms. Rae from taking the documents that she took without authorization. Docket 195 at 4-5 n.5. Alaska Ethics Opinion 2005-2 states, in relevant part:

> To the extent that these documents were prepared by the departing lawyer and are considered the lawyer's property or are in the public domain, they may take copies with them. Otherwise, the lawyer may have to obtain the former firm's consent to do so.
>
> The Committee is of the opinion that, absent special circumstances, the departing lawyer does not violate any ethical rules by taking copies of documents prepared or created for general use in their practice. . . .
>
> Client files and client property must be retained or transferred in accordance with the client's direction. A departing lawyer who is not continuing the representation may, nevertheless, retain copies of client documents relating to the representation of former clients provided, however, there are assurances that confidential client information is protected . . . . Docket 195-6 at 4.

Under this opinion, to the extent that documents in client files were prepared by the departing lawyer or were prepared for the firm's general use, a departing lawyer appears not to need authorization to take them, so long as confidential information continues to be protected.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Modify Date Range in ESI Order & RFPs
Page 6 of 13
Case 3:24-cv-00176-SLG   Document 204   Filed 07/24/25   Page 6 of 13

know, and an interest in knowing, what happened to their documents," and that "LOCL has not maligned Rae when disclosing facts of the data breach to clients."[23] Counterdefendants attach an Affidavit of Christy Lee, in which she attests that she "recall[s] emailing two clients" to notify them of "the data breach by Ms. Rae" and she excerpts language from those emails.[24] Counterdefendants also contend that "the bar complaints must be produced to LOCL and be made public"[25] because "[i]t is inherently unfair for Rae to expect the Court to take her or her counsel's word for her allegation that LOCL or Lee is 'disparaging' her when she has produced absolutely no support for her claim."[26]

Counterdefendants further maintain that "Rae did not [attempt to confer] in good faith" because "Rae did not even wait to see what documents LOCL will be producing in response to the Court's order before filing this motion. LOCL already intends to produce the emails it has sent to various clients advising them of the situation with their files."[27] Moreover, according to Counterdefendants, "[f]iling an expedited motion on what is a non-issue is hardly acting in good faith."[28]

---

[23] Docket 195 at 9-10.

[24] Docket 195-2 at ¶¶ 6-8. That Ms. Lee was able to quote a portion of these emails in her affidavit prior to the completion of the electronic search gives some indication that these email communications are accessible.

[25] Given that Counterdefendants do not file a motion to compel related to these bar complaints, the Court does not interpret this to be an actionable request for the Court.

[26] Docket 195 at 8-9 (emphasis omitted).

[27] Docket 195 at 2.

[28] Docket 195 at 3.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Modify Date Range in ESI Order & RFPs
Page 7 of 13
Case 3:24-cv-00176-SLG     Document 204     Filed 07/24/25     Page 7 of 13

Counterdefendants also assert that the request to "expand the timeframe for the required ESI discovery by 15 months is not proportional to the needs of this case and will impose additional undue burden on LOCL."[29] According to LOCL's retained expert, Josef Frelin of Last Frontier Communications, LLC, "expanding the timeframe for the search would require another 3-4 weeks and would make it impossible to comply with the current deadline for the production already ordered by the Court. Mr. Frelin estimates he likely could not complete an expanded time frame search before the end of August given his other personal and professional obligations."[30]

In their reply, Defendants reiterate that the fact that the bar complaints were recently filed "strongly suggests that Ms. Lee or others at LOCL recently solicited these complaints and/or provided defamatory information to Ms. Rae's former clients about her—long after April 15, 2024."[31] According to Defendants, "[m]ost of [Counterdefendants'] Opposition is irrelevant, again attacking Ms. Rae for actions that will or will not be proved up at trial."[32] Defendants add that they are "also entitled to discovery to confirm whether Ms. Lee breached the Protective Order entered in this case" because of language "from Ms. Lee's Affidavit [indicating] that she

---

[29] Docket 195 at 11-12.

[30] Docket 195 at 12.

[31] Docket 198 at 2.

[32] Docket 198 at 3.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Modify Date Range in ESI Order & RFPs
Page 8 of 13
Case 3:24-cv-00176-SLG   Document 204   Filed 07/24/25   Page 8 of 13

provided excerpts of Rae's list of copied documents"—an exhibit marked "Confidential"—to clients in this case.[33] Defendants do not respond to Counterdefendants' arguments about proportionality or about the estimated additional time frame required to conduct the expanded ESI search.[34]

The Court first finds that Defendants adequately attempted to meet and confer with Counterdefendants prior to filing the instant motion as required by the ESI Order.[35] On July 2, 2025, Defendants' counsel sent an email to Plaintiff LOCL's counsel, indicating that because of "a number of new bar complaints . . . filed against Ms. Rae," they intended to "move to modify the end date" of the ESI search to July 2, 2025, and asking Plaintiff's counsel to "[p]lease let [them] know if [they] oppose this motion" and the motion for expedited consideration by the following day.[36] In her July 3, 2025 response, Plaintiff's counsel opposed expedited consideration, stated that "the purpose of discovery in this case is not to facilitate Ms. Rae's response to whatever Bar Grievances may have been filed against her," and further posited that Defendants' "speculation" about Ms. Lee's disparagement of Ms. Rae did not justify altering deadlines for production.[37] The Court understands this

---

[33] Docket 198 at 3 (citing Docket 195-2 at ¶ 8). Given that Defendants do not file a motion to compel related to this discovery, the Court does not interpret this to be an actionable request for the Court.

[34] *See* Docket 198.

[35] *See* Docket 184 at ¶ 4.

[36] Docket 191-1 at 4.

[37] Docket 191-1 at 4. The Court notes that the email exchange produced by Defendants is partially cut off. The excerpt and summary above reflects the Court's best understanding of what was communicated between the parties.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Modify Date Range in ESI Order & RFPs
Page 9 of 13
Case 3:24-cv-00176-SLG   Document 204   Filed 07/24/25   Page 9 of 13

response to mean that Plaintiff's counsel indicated its opposition to a modified ESI time frame to Defendants' counsel. The exchange, while sparse, appears to meet the meet-and-confer requirement of "two-way communication" between the parties, albeit barely so.[38]

The Court next considers Defendants' Motion to Modify Date Range in ESI Order & RFPs.[39] The Court exercises its "broad discretion"[40] to determine that Ms. Rae's declaration attesting to the bar complaints recently filed against her is sufficient to show that the expansion of the ESI time frame to July 2, 2025 is "reasonably calculated to lead to"[41] information relevant to, for example, Defendants' counterclaims of defamation, intentional interference with prospective economic advantage, intentional interference with contract, and violations of the Alaska Unfair Trade Practices Act.[42] While Defendants failed to address

---

[38] *See Hattrick v. City of Ketchikan*, Case No. 5:20-cv-00013-SLG, 2022 WL 889333, at *2 (D. Alaska Mar. 25, 2022) (quoting *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996)).

[39] The applicable legal standard can be found in this Court's prior order. *See* Docket 183 at 9-12.

[40] *Pizzuto*, 136 F.4th at 868.

[41] *Id.*

[42] *See* Docket 190-1; Docket 166 at ¶¶ 75-108. The Court applies July 2, 2025 as the end date in order to capture any correspondence about the aforementioned bar complaints, of which Ms. Rae received notice on July 1, 2025. *See* Docket 190 at 2.

In their opposition, Counterdefendants state "that Rae's affidavit is not signed, much less notarized, and therefore should be disregarded." Docket 195 at 7 n.10. The Court, however, finds that Ms. Rae's digital signature along with her "declar[ation] under penalty of perjury under the laws of the United States of America and the States of Alaska and Hawaii that the foregoing is true and correct" is sufficient for purposes of an affidavit. *See* Docket 190-1 at 3; 28 U.S.C. § 1746; *Kersting v. United States*, 865 F. Supp. 669, 676 (D. Haw. 1994).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Modify Date Range in ESI Order & RFPs
Page 10 of 13
Case 3:24-cv-00176-SLG    Document 204    Filed 07/24/25    Page 10 of 13

proportionality directly, the Court finds that the information sought is proportional to the needs of the case because the burden of producing it does not outweigh its likely benefit to the resolution of this case.  The Court is skeptical that expanding the ESI search period by 15 months will require an additional three to four weeks of full-time, active effort, and notes that the affidavit of Counterdefendants' expert does not expressly state that it will require that much actual time.[43]  But in any case, the Court finds that the search does not impose an undue burden given the timing and alleged contents of the bar complaints recently made by LOCL's clients about Ms. Rae.  Because Counterdefendants' retained expert "estimates he likely could not complete an expanded timeframe search before the end of August given his other personal and professional obligations,"[44] the Court accords Counterdefendants an additional 30 days to comply with this order.

The Court also grants Defendants' motion with respect to RFPs Nos. 16 and 32 as follows:  The Court clarifies that the Court's order at Docket 183 directing Counterdefendants to produce documents in response to RFP No. 16 includes all responsive communications from September 15, 2023 to June 26, 2025—the date of this Court's order at Docket 183.  For consistency with the ESI production, the Court will extend that date to July 2, 2025.  The Court further clarifies that the directive to produce documents in response to RFP No. 32 includes all responsive

---

[43] *See* Docket 195-1.

[44] Docket 195 at 12.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Modify Date Range in ESI Order & RFPs
Page 11 of 13
Case 3:24-cv-00176-SLG    Document 204    Filed 07/24/25    Page 11 of 13

communications from September 15, 2023 until the end of this case.[45] To that end, the Court directs Counterdefendants to include in their production the emails quoted in the Affidavit of Christy Lee in their entirety to Defendants.[46] If any portion of either email is withheld on the basis of privilege, Counterdefendants must produce a privilege log that identifies each redaction and the basis for it being withheld.[47] In keeping with their discovery obligations, Counterdefendants must produce any other relevant documents that are responsive to RFPs Nos. 16 and 32 of which they are aware. The Court directs Counterdefendants to comply with this directive by the previously ordered deadline of July 25, 2025, with further supplementation of RFP 32 going forward as necessary, unless this deadline is extended by Court order for good cause shown.[48]

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Modify Date Range in ESI Order & RFPs Due to New Evidence of Continued Disparagement at Docket 190 is **GRANTED** as follows:

The time period of September 15, 2023 to April 15, 2024, as set forth in Paragraph 2 of the ESI Order at Docket 184, is hereby modified to: **September 15,**

---

[45] *See* Fed. R. Civ. P. 26(e) (providing rules for supplemental disclosure).

[46] *See* Docket 195-2 at ¶¶ 7-8.

[47] *See* Fed R. Civ. P. 26(b)(5)(A).

[48] *See* Docket 183 at 94.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Modify Date Range in ESI Order & RFPs
Page 12 of 13
Case 3:24-cv-00176-SLG    Document 204    Filed 07/24/25    Page 12 of 13

**2023 to July 2, 2025**. This additional ESI search and production to Defendants shall be completed by no later than **September 8, 2025**.[49]

The Court's order at Docket 183 directing Counterdefendants to produce documents in response to Defendants' Request for Production No. 16 shall include all responsive communications from **September 15, 2023 to July 2, 2025**, and its order directing Counterdefendants to produce documents in response to Defendants' Request for Production No. 32 shall include all responsive communications from **September 15, 2023 until the end of this case**. Counterdefendants are directed to comply with this directive by the previously ordered deadline of **July 25, 2025**, unless this deadline is extended by Court order for good cause shown, with additional supplementation of RFP 32 as warranted.

DATED this 24th day of July, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[49] In light of the Court's recent order at Docket 203, this date is 30 days from the August 8, 2025 current deadline for Counterdefendants' ESI production.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Modify Date Range in ESI Order & RFPs
Page 13 of 13
Case 3:24-cv-00176-SLG    Document 204    Filed 07/24/25    Page 13 of 13