Jahna M. Lindemuth (AK Bar No. 9711068)
C. Maeve Kendall (AK Bar No. 1711063)
CASHION GILMORE & LINDEMUTH
510 L Street, Suite 601
Anchorage, AK 99501
Telephone: (907) 222-7932
Facsimile:  (907) 222-7938
jahna@cashiongilmore.com
maeve@cashiongilmore.com

*Attorneys for Meghan Rae and
Manifest Legal, LLLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAW OFFICES OF CHRISTY LEE, P.C., <br><br> Plaintiff, <br><br> vs. <br><br> MEGHAN RAE and MANIFEST LEGAL, LLLC, <br><br> Defendants. | |
| MEGHAN RAE, <br><br> Counter-Plaintiff, <br><br> vs. <br><br> LAW OFFICES OF CHRISTY LEE, P.C. and CHRISTINA LEE, <br><br> Counter-Defendants. | Case No. 3:24-cv-00176-SLG |

### DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE TO ASSERT RIGHT TO CLIENT CONFIDENTIALITY

OPPOSITION TO MOTION TO INTERVENE
*Law Offices of Christy Lee, P.C. v. Meghan Rae,* Case No. 3:24-cv-00176-SLG  Page 1 of 4

Case 3:24-cv-00176-SLG    Document 207    Filed 08/04/25    Page 1 of 4

Defendants/Counter-Plaintiffs Meghan Rae and Manifest Legal, LLLC (collectively "Defendants"), by and through counsel Cashion Gilmore & Lindemuth, hereby oppose Steven Wells' Motion to Intervene to Assert Client Confidentiality (Docket 201). Party status is not warranted because the parties to this litigation can and have adequately addressed the issue of the protection of attorney-client communications. Indeed, this Court has already ruled on this objection raised by LOCL. The discovery of any of Mr. Wells' billing records will be adequately protected by the Court's Protective Order issued on October 10, 2024 (Docket 31), coupled with the redactions LOCL can make to client invoices to protect the privilege under the Court's Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order (Docket 183).

Mr. Wells moves to intervene under Civil Rule 24(a)(2), which provides:

> [T]he Court must permit anyone to intervene who [] claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, *unless existing parties adequately represent that interest*.[1]

The intervenor bears the burden of showing that the existing parties do not adequately protect his interest, and this burden is satisfied if the intervenor "could demonstrate that representation of their interests 'may be' inadequate."[2] Here, there is no demonstration that the existing parties would not protect the confidentiality of the billing records in question. The Ninth Circuit has articulated three factors to determine whether a proposed

---

[1] Fed. R. Civ. P. 24(a)(2) (emphasis added).
[2] *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)).

OPPOSITION TO MOTION TO INTERVENE
*Law Offices of Christy Lee, P.C. v. Meghan Rae,* Case No. 3:24-cv-00176-SLG  Page 2 of 4
Case 3:24-cv-00176-SLG   Document 207   Filed 08/04/25   Page 2 of 4

intervenor's interest is adequately protected by the existing parties: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect."[3]  Here, each of these factors weighs against Mr. Wells' intervention.

Intervention is not warranted because Ms. Lee has already raised the issue of LOCL clients' interests in the confidentiality of privileged information in client invoices.[4]  This Court appropriately balanced the interests of Defendants in obtaining copies of client invoices for matters Ms. Rae worked on while at LOCL with each client's interest in protecting privileged information.  As explained by the Court in its Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order (Docket 183), Plaintiff/Counterdefendant Law Offices of Christy Lee P.C. and counterdefendant Ms. Lee (together, "Counterdefendants") "may redact the privileged information contained in an invoice, and state the basis for each redaction in their privilege log."[5]  Mr. Wells' interest in his billing records is therefore adequately protected and represented by the existing parties and intervention is not warranted.

Defendants ask that Mr. Wells' motion be denied.

---

[3]  *Arakaki*, 324 F.3d at 1086.
[4]  *See* Docket 96 at 6 – 9, 14 – 15.
[5]  Docket 183 at 37.  The Court further explained that "[w]hile the attorney-client privilege generally does not protect the amount and payment of a fee, the Court agrees that to the extent that an invoice contains information that reveals litigation strategy or legal advice or opinions, that portion of the invoice falls within the privilege."

OPPOSITION TO MOTION TO INTERVENE
*Law Offices of Christy Lee, P.C. v. Meghan Rae,* Case No. 3:24-cv-00176-SLG         Page 3 of 4
Case 3:24-cv-00176-SLG    Document 207    Filed 08/04/25    Page 3 of 4

CASHION GILMORE & LINDEMUTH
Attorneys for Meghan Rae and
Manifest Legal, LLLC

DATE: August 4, 2025     /s/ Jahna M. Lindemuth
Jahna M. Lindemuth
Alaska Bar No. 9711068
C. Maeve Kendall
Alaska Bar No. 1711063

**CERTIFICATE OF SERVICE**
I hereby certify that a copy of the foregoing was served via CM/ECF on August 4, 2025, on all counsel of record.

CASHION GILMORE & LINDEMUTH

By: /s/ Jahna M. Lindemuth

OPPOSITION TO MOTION TO INTERVENE
*Law Offices of Christy Lee, P.C. v. Meghan Rae,* Case No. 3:24-cv-00176-SLG     Page 4 of 4
Case 3:24-cv-00176-SLG     Document 207     Filed 08/04/25     Page 4 of 4