Steven M. Wells
Steven M. Wells, P.C.
431 W. 7th Ave.
Suite 107
Anchorage, AK 99501
(907)279-3557
(907)279-3558 fax
steve@stevenmwellslaw.com

Counsel for Proposed Intervenor

United States District Court
District of Alaska

| | |
|---|---|
| Law Offices of Christy Lee, P.C.,<br><br>　　Plaintiff,<br><br>　v.<br><br>Meghan Rae and Manifest Legal, LLC<br><br>　　Defendants. | Case No. 3:24-cv-176-SLG<br><br><br>Motion For Leave to Proceed Under Pseudonym – Jane Doe 1 |
| Meghan Rae,<br><br>　　Counter-Plaintiff,<br><br>　v.<br><br>Law Offices of Christy Lee, P.C. and Christina Lee,<br><br>　　Counter-Defendants. | |

Jane Doe 1, hereinafter "movant", by and through undersigned counsel of record, is seeking to intervene in this matter to assert her right to client confidentiality and attorney secrets. That is a separate motion and the reasons for her assertion are stated therein.

Jane Doe 1, though, does not wish to reveal her identity in public court filings for reasons stated herein. Thus, pursuant to Rule 10 of the Federal Rules of Civil Procedure, Jane Doe 1 seeks leave to proceed under a pseudonym.

1. INTRODUCTION

1.1 Movant is a client of Law Offices of Christy Lee, P.C. ("hereinafter LOCL"), one of the parties in this matter;

1.2 Ms. Christina Lee has been Movant's attorney for many years;

1.3 While work on Movant's case has been handled by other persons in the office, such work was overseen and performed under the supervision of Ms. Lee;

1.4 Movant owns her own businesses and has been in extensive and protracted litigation regarding her business. Further, she has had to terminate the employment of some dishonest employees and that has involved litigation;

1.5 Ms. Rae left LOCL and took with her a great deal of confidential information, including personally identifying information and information related to her business;

1.6 Movant seeks the return of such information because she never gave consent to Ms. Rae to possess such information. Further, her experiences with dishonest employees

have left her well aware of the risk posed by unauthorized persons possessing confidential information;

1.7 When Ms. Rae refused to return the confidential information, Movant filed a bar complaint against Ms. Rae;

1.8 In response, Ms. Rae now seeks billing records and client files in discovery from Movant;

1.9 Movant is concerned that Ms. Rae is seeking confidential records in retaliation for Movant's filing a bar complaint;

1.10 This makes Movant even more concerned with Ms. Rae possessing confidential information that could be used to identify her or used against her in litigation;

1.11 Movant seeks to proceed via pseudonym because while Ms. Rae will be able to determine her identity, and Movant's counsel will provide Ms. Rae's counsel with her identity, Movant does not want her name in public court filings that could then be used against her;

1.12 For example, Movant does not want her name to be discoverable by other parties in any business litigation in which she has to be engaged because of the disadvantage in which this would place her in such litigation;

2. Basis for Use of Pseudonym

Movant acknowledges that federal courts heavily favor transparency. Indeed F.R.Cv.Pr. 10(a) requires that a civil complaint "must name all the parties." For this reason, parties to lawsuits face a heavy burden when seeking to proceed via pseudonym.[1]

The Ninth Circuit has identified three primary situation in which pseudonymity may be appropriate for parties: 1) identification would create a risk of retaliatory physical or mental harm; 2) anonymity is necessary to protect matters of sensitive or highly personal nature; and 3) potential compelled testimony could create the risk of criminal prosecution.[2] That test, though, applies to parties. Movant is not a party, nor does movant wish to be a party. Movant wishes to intervene solely to assert her right to attorney-client privilege and attorney confidentiality.

Like Rule 10, Rule 24 of the F.R.Cv.Pr., which governs intervention, does not address pseudonymity by intervenors. Courts, though, have used their pseudonymity criteria for parties when considering intervenor's request for pseudonymity.[3] In cases counsel has found, though, the intervenors had substantial stakes in the outcome of the litigation. In *EEOC v. ABM,* the proposed intervenors were the real parties in interest. EEOC was proceeding against ABM on behalf of the proposed intervenors.

*Poe v. Lowe* involved a lawsuit regarding allegations of sexual assault. The intervenor was identified in the complaint as someone who had sexually assaulted other individuals even though he had never been charged. That person, identified in the complaint as

---

[1] "[P]seudonymity is exceptional relief." *Doe v. Metro Govt. of Nashville & Davidson County*, 694 F.Supp. 1040, 1043 (M.D. Tenn. 2023).

[2] See *Does I thru XXII v. Advanced Textile Corp.,* 214 F.3d 1058 (9th Cir. 2000).

[3] See *E.E.O.C. v. ABM Industries.* 249 F.R.D. 548 (E.D. Cal., 2008); see also *Poe v. Lowe,* 756 F.Supp. 3d 537, 548 – 550 (M.D. Tenn. 2024)(applying Sixth Circuit criteria for parties to proceed via pseudonym to a third-party intervenor and allowing intervenor to proceed via pseudonym).

"Simon Roe" sought to proceed via pseudonym. He was thus an integral witness and had a vested interest in the case.

In both instances, courts upheld the requests for pseudonymity after applying the criteria for allowing pseudonymity from their respective circuits. Both courts note that in these cases, the intervenors did not initiate the lawsuits and both lawsuits involved matters of a personal and sensitive nature.[4]

In the same way, Jane Doe 1 did not initiate this lawsuit. She merely wanted to stay a client of LOCL but Ms. Rae took her information without her permission and refuses to return such information. She does so despite Movant's repeated refusals to consent to Ms. Rae's possession of such information. Given how Ms. Rae has acted, Jane Doe 1 is concerned regarding how Ms. Rae will use the information in her client file and she certainly does not wish for her name to be listed in a publicly available court document.

In this instance, Movant's expectation of privacy is heightened because if she were to use her name, she would be shown to be a client of LOCL. Because Ms. Lee's practice involves representation of individuals facing tax issues, without more, the release of Movant's name could lead to speculation that Movant is facing potential criminal issues, or she has embarrassing financial issues. Movant runs her own business and is concerned about the effect the release of her name would have upon her ability to run her business. She is concerned that release of her name could be disadvantageous in business litigation.

---

[4] "[Simon Roe] is a third party who is 'not responsible for the initiation of the underlying litigation,'" and accordingly "possesses a justified expectation of privacy that [her] name … not be revealed to the public." *Poe, supra* note 4, at 549, citing *In re Knoxville News-Sentinel Co., Inc.,* 723 F.2d 470, 477 (6th Cir. 1983).

She is concerned that Ms. Rae will unlawfully use her information in retaliation for her bar complaint against Ms. Rae.

The Alaska ethical rules[5] prohibit an attorney from releasing client "secrets," which as explained in the motion to intervene, is broader than materials covered by the attorney-client privilege. It also applies to "other information gained in the professional relationship if the client has requested it be held confidential or if it is reasonably foreseeable that disclosure of the information would be embarrassing or detrimental to the client." Among the information that client wishes to be held confidential is her identity. And she has every right to expect that this court will protect her right to confidentiality in these circumstances.

Realistically, the court is going to either grant her motion to intervene or deny it. Once the status of their intervention and the resulting discovery obligations of LOCL are resolved, Movant's role in the case will not be public unless this matter proceeds to trial and he is called to testify. If that comes about, movant can decide how he wishes to proceed. Otherwise, her identity is not integral to this case and revelation of her identity on a public record forces him to choose between competing interests – her right to keep her representation confidential or her right to assert her rights to attorney confidentiality. They should not have to face this Scylla and Charybdis.

To avoid any prejudice, Jane Doe 1 has no objection with revealing to defendants her identity. She will do so in an email to defense counsel after the filing of this motion.

3. Conclusion

---

[5] Alaska Rule of Professional Conduct 1.6(a).

Ther court should allow Movant to proceed as Jane Doe 1 in her motion to intervene to assert her rights under the attorney-client privilege and Ms. Lee's ethical duty to maintain client secrets.

DATED this 18th day of August, 2025, at Anchorage, Alaska.

By: /s/ Steven M. Wells .
Steven M. Wells
ABA #0010066

CERTIFICATE OF SERVICE

I certify that on August 18, 2025,
I served a copy of the Motion
To Proceed via Pseudonym
via CM/ECF On:

All parties of record

/s/ Steven M. Wells .
Steven M. Wells, PC