IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAW OFFICES OF CHRISTY LEE, P.C.,<br><br>    Plaintiff,<br><br>    v.<br><br>MEGHAN RAE, *et al.*,<br><br>    Defendants. | Case No. 3:24-cv-00176-SLG |
| MEGHAN RAE, *et al.*,<br><br>    Counterclaimants,<br><br>    v.<br><br>CHRISTINA LEE, *et al*.,<br><br>    Counterdefendants. | |

## ORDER ON MOTION TO INTERVENE

Before the Court at Docket 201 is a Motion to Intervene to Assert Right to Client Confidentiality filed by Movant Steven M. Wells ("Movant"). Meghan Rae and Manifest Legal, LLLC (collectively, "Defendants") responded in opposition at Docket 207. Movant did not file a reply. Christy Lee and Law Offices of Christy Lee ("LOCL") (collectively, "Counterdefendants") took no position on this motion. For the reasons set forth below, Movant's Motion to Intervene, which appears to be based on a fundamental misunderstanding of this Court's prior order, is DENIED.

The Court assumes the reader's familiarity with its prior decisions, as well as the factual and procedural background they provide. The facts and procedural background, as directly relevant to this motion, are as follows:

Pursuant to the parties' Stipulation and Protective Order for Confidential Information,[1] the Court entered a Protective Order for Confidential Information on October 10, 2024.[2] The Protective Order provides that documents may be designated "Confidential," in which case they "can be used solely for this federal litigation matter" and otherwise are not to be disclosed.[3]

Defendants filed a Motion to Compel on February 21, 2025, taking issue with, among other things, Counterdefendants' objections to Defendants' discovery requests on the basis of attorney-client privilege.[4] Counterdefendants responded in opposition on March 12, 2025, maintaining their assertions of privilege.[5] On June 26, 2025, the Court issued an order granting in part and denying in part Defendants' Motion to Compel.[6] In that order, the Court "direct[ed] Counterdefendants to produce the invoices" for certain clients, based on the relevance of those invoices "to Defendants' defenses to Plaintiff's claims that, for

---

[1] Docket 25.

[2] Docket 31.

[3] Docket 31 at 2.

[4] Docket 87 at 8-12, 15-16.

[5] Docket 96 at 6-9, 14-15.

[6] Docket 183. The Court also ruled on two other motions in this June 26, 2025 order.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Intervene
Page 2 of 8
Case 3:24-cv-00176-SLG   Document 217   Filed 08/20/25   Page 2 of 8

example, Defendant was only the principal in two Alaska cases and that she reviewed over fifteen invoices from clients with whom she had no affiliation."[7] The Court stated that "to the extent that an invoice contains information that reveals litigation strategy or legal advice or opinions, that portion of the invoice falls within the privilege," and authorized Counterdefendants to "redact the privileged information contained in an invoice."[8]

On July 21, 2025, Movant filed the pending Motion to Intervene,[9] and Defendants responded in opposition on August 4, 2025.[10] In the motion, Movant asserts that Christy Lee had told him that "this court ordered production of at least Movant's billing records to defendants."[11] Movant indicated he that he went to Bar Counsel and apparently told Bar Counsel that this Court has ordered LOCL to produce the entirety of the billing records, including that portion of the records that "contain descriptions of legal issues, analysis, strategic and tactical decisions."[12]

On August 19, 2025, Mr. Wells filed an additional Motion to Intervene to Assert Right to Client Confidentiality on behalf of John Does 1-4 and Jane Does

---

[7] Docket 183 at 35-36 (internal quotation marks and citation omitted).

[8] Docket 183 at 36.

[9] Docket 201.

[10] Docket 207.

[11] Docket 201 at 3.

[12] Docket 201 at 3.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Intervene
Page 3 of 8
Case 3:24-cv-00176-SLG   Document 217   Filed 08/20/25   Page 3 of 8

1-4, followed by six related Motions for Leave to Proceed Under Pseudonym.[13] Those seven motions are not yet ripe and will be addressed by the Court in due course.

## LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) directs district courts to permit a party to intervene as a matter of right if the party "claims an interest relating to the property or transaction that is the subject of an action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." "The prospective intervenor bears the burden of demonstrating that the existing parties may not adequately represent its interest. However, the burden of showing inadequacy is 'minimal,' and the applicant need only show that representation of its interests by existing parties 'may be' inadequate."[14] The Ninth Circuit considers three factors in determining the adequacy of representation:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.[15]

---

[13] Docket 209; Docket 210; Docket 211; Docket 212; Docket 213; Docket 214; Docket 215.

[14] *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822-23 (9th Cir. 2001) (first citing *Sagebrush Rebellion, Inc. v. Watt,* 713 F.2d 525, 528 (9th Cir. 1983); and then quoting *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10 (1972)).

[15] *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), *as amended* (May 13, 2003).

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Intervene
Page 4 of 8
Case 3:24-cv-00176-SLG   Document 217   Filed 08/20/25   Page 4 of 8

## DISCUSSION

Movant moves for intervention as a matter of right pursuant to Federal Rule 24(a)(2).[16] Movant is a client of LOCL, and his asserted property interest is in LOCL's billing records "related to legal work done on behalf of the firm for Movant."[17] Movant asserts that his confidentiality interests may be harmed by the disclosure of those records to Defendants, contending (incorrectly) that "this court has already deemed that the requested billing records are not covered by attorney-client privilege and are thus subject to disclosure," but that these invoices ought to be protected because they "describe his own issues and discuss strategy, advice, and options."[18] Movant contends that his interests are not adequately represented because "[t]he existing parties' interest in this litigation relate to their own claims and they do not represent Movant's interest."[19]

---

[16] Docket 201 at 2.

[17] Docket 201 at 4.

[18] Docket 201 at 4-5 (citing *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999)). *But see In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982). Movant cites Ninth Circuit case law for this assertion. *See* Docket 201 at 5. However, as the Court stated in its prior order, state law governs with respect to the attorney-client privilege given that the Court is sitting in diversity jurisdiction. *See* Docket 183 at 10 n.41; *see also Moudy v. Superior Court*, 964 P.2d 469, 471 (Alaska App. 1998) (adopting "[t]he view of courts from around the country . . that the attorney-client privilege does not authorize an attorney to refuse to disclose the fact that communications have taken place between a client and an attorney"; "[t]he identify of the client, the fee, and the fact and extent of representation are generally incidental to the formation and maintenance of the relationship, and have nothing to do with the free flow of information once that relationship has been established").

[19] Docket 201 at 4.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Intervene
Page 5 of 8
Case 3:24-cv-00176-SLG    Document 217    Filed 08/20/25    Page 5 of 8

Defendants oppose this motion, contending that "[p]arty status is not warranted because the parties to this litigation can and have adequately addressed the issue of the protection of attorney-client communications."[20] Defendants maintain that "[t]he discovery of any of Mr. Wells'[s] billing records will be adequately protected by the Court's Protective Order issued on October 10, 2024, coupled with the redactions LOCL can make to client invoices to protect the privilege under the Court's Order on Motion to Compel, Motion for ESI Order, and Motion for Protective Order."[21]

The Court finds that intervention is not warranted because Movant has not met his burden to show that LOCL will not adequately represent his interests. On the contrary, LOCL has shown that it is capable of making and willing to make all of Movant's arguments regarding the firm's billing records, and that it has done so throughout the course of this litigation. In response to Defendants' Requests for Production, LOCL objected to the discovery of client invoices based on attorney-client privilege.[22] In LOCL's opposition to Defendants' Motion to Compel, LOCL again contended that the invoices sought were protected by the attorney-client privilege.[23]

---

[20] Docket 207 at 2.

[21] Docket 207 (first citing Docket 31; and then citing Docket 183).

[22] *See* Docket 89-3 at 11; Docket 89-8 at 4.

[23] Docket 96 at 6-9, 14-15.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Intervene
Page 6 of 8
Case 3:24-cv-00176-SLG   Document 217   Filed 08/20/25   Page 6 of 8

Movant substantially misrepresents the Court's prior order; for that order expressly exempts from disclosure any information in the invoices that is covered by the attorney-client privilege. Movant's assertion that "this court has already deemed that the requested billing records are not covered by attorney-client privilege and are thus subject to disclosure" is simply not correct. And Movant's contention that the Court has ordered the disclosure of those portions of the billing records that "discuss strategy, advice, and options" is also simply not true.[24] Rather, after directing certain client invoices to be produced, this Court held that:

> While the attorney-client privilege generally does not protect the amount and payment of a fee, the Court agrees that to the extent that an invoice contains information that reveals litigation strategy or legal advice or opinions, that portion of the invoice falls within the privilege. Counterdefendants must produce all the invoices but may redact the privileged information contained in an invoice, and state the basis for each redaction in their privilege log.[25]

Further, to the extent that Movant is also concerned about his redacted billing records being disclosed to the public, those interests are protected by the Protective Order previously entered by this Court.[26]

Thus, the Order at Docket 183 requires LOCL to produce the billings records of those cases Ms. Rae worked on to Defendants. LOCL must identify each client

---

[24] The Court is troubled by the fact that Movant seemingly conveyed this misinformation to the Bar Counsel for the Alaska Bar Association, seemingly without having read the Court's order before doing so. *See* Docket 201 at ¶¶ 1.10-1.11.

[25] Docket 183 at 36.

[26] *See* Docket 31.

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Intervene
Page 7 of 8

Case 3:24-cv-00176-SLG   Document 217   Filed 08/20/25   Page 7 of 8

(which of course is already known to Ms. Rae) and must show the hours spent by each attorney for that client. But as previously ordered, LOCL may redact those portions of the billing records that discuss strategy, advice and options, as that is all attorney-client protected.

## CONCLUSION

For the foregoing reasons, Movant's Motion to Intervene to Assert Right to Client Confidentiality at Docket 201 is **DENIED**.

DATED this 20th day of August, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00176-SLG, *Law Offices of Christy Lee v. Rae, et al.*
Order on Motion to Intervene
Page 8 of 8
Case 3:24-cv-00176-SLG    Document 217    Filed 08/20/25    Page 8 of 8